JENNIE S. GORDON, *Appellee*, v. LILLIE GORDON MUNN
*et al., Appellants.*

No. 16,278.

SYLLABUS BY THE COURT.

INJUNCTION—*Prosecution of Action in Another State to Try Is-sues in Pending Suit—Jurisdiction.* In an action by one claim-ing to be a widow, for the partition of land owned by her husband at the time of his death, the defendant, a daughter of the deceased, alleged that she was his sole heir; that the plaintiff had no interest in the land; that at the time of the pretended marriage of the plaintiff with the deceased she had a husband living, from whom she had not been divorced; and that an antenuptial agreement had been made excluding her from any interest in the lands of the deceased. The defendant prayed for judgment quieting title. Issues were duly made upon these allegations, upon which considerable evidence was taken. Afterward the defendant commenced an action in Colorado against the plaintiff here to quiet title to land in that state also owned by the deceased at the time of his death. In her petition the plaintiff in that action (defendant here) made the same allegations and tendered the same issues that were made and tendered in the action here. All the parties are residents of the county where the action in this state is pend-ing, and are properly impleaded therein. It is *held:* (1) That the district court had jurisdiction to restrain the defendant until further orders from prosecuting the suit in Colorado and from bringing actions in other states where other land of the deceased is situated to try the same questions so in contro-versy here; and (2) that upon the facts presented in the rec-ord an injunction was properly allowed.

Appeal from Shawnee district court; ALSTON W. DANA, judge. Opinion filed January 8, 1910. Af-firmed.

*James A. Troutman, Robert Stone, D. R. Hite, D. W. Mulvane,* and *C. E. Gault,* for the appellants.

*S. H. Allen, Allen & Allen, J. B. Larimer,* and *A. E. Crane,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This is an action for the partition of several tracts of land in Shawnee county. During the pendency of the action a motion was filed by the plaintiff for an injunction to restrain the defendants, Lillie Gordon Munn and Lewis H. Munn, from prosecuting actions to quiet the title to certain real estate in Colorado, Texas and elsewhere, held under the same title as the land of which partition is sought. On the hearing of this motion an order was made allowing a temporary injunction. From this order the defendants appeal.

G. S. Gordon, a resident of Shawnee county, died intestate, leaving several tracts of land in that county, described in the petition, and other lands in Arkansas, Colorado, and Texas. The plaintiff alleges that as the widow of the deceased she is the owner of one-half of this real estate, and that Lillie Gordon Munn, the daughter of her late husband, is the owner of the other half.

In her answer Mrs. Munn denies that the plaintiff is the widow of the deceased, and alleges that at the time of a pretended marriage with him the plaintiff had a husband living, from whom she had not been lawfully divorced. The answer also pleads an antenuptial agreement excluding the plaintiff from any interest in the land, and prays for judgment quieting title.

The reply pleads a divorce of the plaintiff from a former husband, duly granted by a court having jurisdiction; denies the execution of the antenuptial agreement, as pleaded; alleges that the contract that was executed had been abrogated and canceled by a subsequent valid agreement; and avers that the plaintiff was the wife of the deceased at the time of his death, and is entitled to all the rights of a widow.

While this action was pending a suit was begun in a court of chancery in Arkansas by the defendants in this action against the plaintiff here, to quiet their title

to certain land in that state, the property of the deceased at the time of his death. Their petition in that action made the same allegations against the plaintiff as are contained in the answer of Mrs. Munn in this action. Constructive service was made, and a judgment by default was rendered as prayed for. The land was of comparatively little value and this plaintiff did not appear. Afterward, while this action was still pending, Mrs. Munn commenced another action in a district court in Colorado against this plaintiff to quiet title to land in that state, also owned by Mr. Gordon at the date of his death. She charged in her petition the invalidity of the marriage and pleaded the antenuptial contract, making the same allegations and tendering the same issues that are made and tendered in her answer here, and prayed for judgment excluding Mrs. Gordon from any interest in such real estate.

The temporary injunction allowed by the district court in this action restrained the defendants, until further orders, from "instituting, prosecuting or carrying on any other suit or action in the state of Colorado or in the state of Texas or in any other court than this for the purpose of determining the rights of the parties to this action which are in controversy in this action or the question whether the plaintiff was the wife of G. S. Gordon, deceased, or his widow, or whether the said plaintiff is excluded from inheriting or claiming an interest in such estate as the widow of said G. S. Gordon, by reason of any contract or agreement made and entered into by said plaintiff with said G. S. Gordon, or any question on which the rights of the plaintiff to take, receive or hold a share or interest in the estate of the said G. S. Gordon, deceased, depends, without first applying to this court for leave to institute such suit or action and obtaining the order of this court permitting such suit to be brought."

It is a general rule that "a court of equity may restrain a defendant, who is within its jurisdiction and

subject to its process, from prosecuting any action or proceeding either in the courts of this or of a foreign state." (*Cole v. Young,* 24 Kan. 435, syllabus.) The principle upon which this undoubted power is exercised is stated in the opinion in that case, and was invoked by the plaintiff here; but it is urged that it does not apply in this case because the subject matter of the Colorado suit is land in that state, over which our courts have no jurisdiction. It is true that the district court has no power to quiet title to or partition lands in another state, but it does have power to restrain citizens of this state who are amenable to its process from doing that which will work wrong or injury to another and which is contrary to equity and good conscience.

"Where a party is within the jurisdiction of this court, so that on a bill properly filed here this court has jurisdiction of his person, although the subject matter of the suit may be situated elsewhere, it may, by the ordinary process of injunction and attachment for contempt, compel him to desist from commencing a suit at law, either in this state or any foreign jurisdiction, and of course from prosecuting one commenced after the bringing of the suit in this court. *Mead v. Merritt,* 2 Paige [N. Y. Ch.] 402." (*Home Insurance Co. v. Howell,* 24 N. J. Eq. 238, 241.)

"Where the necessary parties are before a court of equity, it is immaterial that the *res* of the controversy, whether it be real or personal property, is beyond the territorial jurisdiction of the tribunal. It has the power to compel the defendant to do all things necessary, according to the *lex loci rei sitæ,* which he could do voluntarily, to give full effect to the decree against him. Without regard to the situation of the subject matter, such courts consider the equities between the parties, and decree *in personam* according to those equities, and enforce obedience to their decrees by process *in personam.*" (*Phelps v. McDonald,* 99 U. S. 298, 308.)

"It is now held that whenever the parties are resident within a country, the courts of that country have full authority to act upon them personally, with respect to the subject of suits in a foreign country, as the ends

Gordon v. Munn.

of justice may require; and with that view to order them to take or to omit to take any steps and proceedings in any other court of justice, whether in the same country or in any foreign country." (2 Story's Eq. Jur., 13th ed., § 900, p. 210.)

(See, also, *Bowers v. Durant,* 50 N. Y. Supr. Ct. 348; 16 Cyc. 119.)

This principle is frequently invoked in suits to enforce contracts respecting land in other states, where the equities demand it. (*Pennoyer v. Neff,* 95 U. S. 714; *Carson v. Dunham,* 149 Mass. 52; *Hawkins v. Ireland,* 64 Minn. 339; *Rader v. Stubblefield,* 43 Wash. 334.)

It is further contended that an injunction will not be allowed to restrain the prosecution of an action in another state already begun. This contention has some support in *Mead v. Merritt,* 2 Paige [N. Y. Ch.] 402; but it was held in *Cole v. Cunningham,* 133 U. S. 107, that the reasoning of that case "has not commended itself to the judicial mind, for the injunction is not directed to the courts of the other state, but simply to the parties litigant, and although the power should be exercised with care, and with a just regard to the comity which ought to prevail among coördinate sovereignties, yet its existence can not at this day be denied." (Page 121.)

It should be observed that while the injunction was issued after the Colorado suit had been commenced the action here was begun first, involving the same questions concerning the land here that were afterward presented by the petition in Colorado respecting the land there. The right of the plaintiff to any interest in any land left by her deceased husband depended (1) upon the validity of her marriage and (2) upon the effect of the alleged antenuptial agreement and its alleged release. If her contention with respect to these matters should be sustained, then she will be entitled to the interest in such land that the laws of the respective states where it is situated may give to a widow. These

questions were at issue here before the injunction was granted. The greater part of the estate is here, and the parties were all residents of the county. Much testimony has been taken, at considerable expense, which must be duplicated if the same issues are tried in Colorado or elsewhere. Such a trial or trials would involve much expense and no little inconvenience to all concerned. Presumably a final decision could be reached in this suit first. The affidavit for the injunction stated that "said defendants are able and have threatened to spend large sums of money for the purpose of oppressing, annoying and intimidating this plaintiff and to induce and compel her (the plaintiff) to abandon her rights and surrender her property to them." In this situation the allowance of the injunction was clearly within the equity powers of the court, and in furtherance of justice. (Note to *Eingartner v. Illinois Steel Co.*, 94 Wis. 70, in 59 Am. St. Rep. 869, 882.

The defendants argue that in any event there was no reason for allowing the injunction against Lewis H. Munn. It appears that he joined his wife in bringing the suit in Arkansas. Whether it would be necessary for him to do so in Texas, if a suit should be brought there, does not appear. The foregoing quotation from the evidence tends to prove his assistance in the acts to be restrained. These matters, in connection with his relation as husband to the principal adverse party, warranted the injunction against him.

It is also contended that the district court was without jurisdiction to order a partition of the real estate here, because a statute provides for a proceeding in the probate court to set off the widow's share. The answer of the defendants, tendering issues which if sustained would deprive the plaintiff of any interest whatever, suggests how ineffectual a resort to the probate court would have been. It has not hitherto been doubted that the district court has jurisdiction in such

a case, and this seems to be the logical effect of previous decisions. (*McKinney v. Stewart*, 5 Kan. 384; *Shoemaker v. Brown*, 10 Kan. 383; *Dodge v. Beeler*, 12 Kan. 524; *Carter v. Christie*, 57 Kan. 492.)

The judgment is affirmed.