No. 23,568.

*In re* The Estate of GEORGE EARL, Deceased (LA ZETTA DARNELL, *Appellant*, v. WATSON D. HAINES, as Administrator, etc., *Appellee*).

### SYLLABUS BY THE COURT.

1. APPEAL—*From Probate Court to District Court—Plaintiff's Right to Dismiss His Action.* On an appeal from the probate court the district court tries the case *de novo*, and the plaintiff may dismiss his action without prejudice at any time before the final submission thereof to the court. (Civ. Code, § 395.)

2. SAME — *Action Dismissed — Improperly Reinstated.* Appellant's claim against an estate was disallowed in the probate court and he appealed to the district court where he filed a motion to dismiss the claim without prejudice, which the court sustained, and he paid the costs. Subsequently, on the motion of the administrator, the court set aside the order of dismissal and reinstated the cause. *Held,* error.

Appeal from Riley district court; FRED R. SMITH, judge. Opinion filed January 7, 1922. Reversed.

*A. E. Crane,* of Topeka, and *Ira C. Snyder,* of Manhattan, for the appellant.
*C. B. Daughters,* of Manhattan, for the appellee.

The opinion of the court was delivered by

PORTER, J.: La Zetta Darnell, the appellant, filed a claim in the probate court of Riley county against the estate of George Earl, deceased. The claim was disallowed and he appealed to the district court. While the appeal was pending, he filed a motion to dismiss the action without prejudice which was sustained and he paid the costs. Sometime thereafter the administrator of the estate filed a motion in the district court asking that the order dismissing the action without prejudice be set aside and the cause reinstated. That motion was sustained and the cause was reinstated. Darnell appeals to this court from the ruling. The administrator has filed a motion asking that the appeal be dismissed on the ground that the order of the district court "refusing to dismiss the case" is not a final order.

The appeal, however, is not from an order refusing to dismiss; the district court dismissed the action once, and the appeal here is from an order setting aside the dismissal and reinstating the case in the district court. If that court had no authority to make the order we think it must be regarded as a final one. But whether it can strictly be regarded as an appealable order, it is one, in our opinion, in

which this court should direct the kind of judgment to be rendered in the court below. (Civ. Code, § 581.) Of course, a plaintiff may always dismiss his appeal or his case without prejudice subject to the rights of a defendant to have a trial upon his cross-appeal, cross-petition or counterclaim. The code provides that an action may be dismissed without prejudice to future action: "*First,* by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court." (Civ. Code, § 395.)

The decision here, however, turns upon the effect of an appeal from the probate court. If the district court takes the case for trial *de novo,* then all proceedings in the court below are superseded and the dismissal by the plaintiff of his appeal would leave nothing pending in the probate court. The statute provides that:

"Upon the filing of such transcript and papers in the office of the clerk of the district court, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the probate court." (Gen. Stat. 1915, § 4681.)

The section following provides that where the district court renders a decision a transcript of the proceedings in the district court shall be certified to the probate court which shall proceed according to the decision of the district court. The statute undoubtedly contemplates that upon appeal the district court becomes possessed of the cause and tries it *de novo.*

Appeals from the probate court are in the same class for all purposes as those from a justice court and appeals from the latter are tried *de novo* in the district court. (Gen. Stat. 1915, § 7825; *Map Company v. Jones,* 27 Kan. 177.)

In *The State v. Curtis,* 29 Kan. 384, the defendant appealed from a conviction in a justice court. It was said in the opinion:

"There is after the perfecting of the appeal only a pending prosecution. The case stands in the district court for trial as an original prosecution there. The state may dismiss the prosecution, and then there is no judgment or case in any court." (p. 386.)

To the same general effect see, *The State v. Forner,* 32 Kan. 281, 4 Pac. 357.

In our opinion the appeal from the probate court gave the district court jurisdiction of the entire proceeding and the dismissal there left nothing pending in the probate court. Under the statute the appellant had the right to dismiss his case in the district court without

prejudice to future action. The court sustained the motion, as the statute requires, and the appellant paid the costs. The court had no more authority to set aside the order at the request of the administrator than it would have had in the first place to deny the motion.

The judgment will be reversed and the cause remanded with directions to set aside all proceedings since the first order was made dismissing the action.