·Cott v. Baker.

---

No. 23,270.

L. S. Cott, *Appellant*, v. John H. Baker and J. F. Reel, *Appellees*.

SYLLABUS BY THE COURT.

1. Promissory Note—*Limitation of Actions—Construction of Statutes.* The five-year statute of limitations, section 17 of the code of civil procedure (Laws 1909, ch. 182, § 17), which took effect May 29, 1909, runs on a note that was executed before that date and matured on June 1, 1909.

2. Same—*Limitation of Action—Burden of Proof on Plaintiff.* In an action on a promissory note which shows on its face that it is barred by the statute of limitations, where the plaintiff alleges facts to avoid the running of the statute and those facts are denied by the answer, the burden of proof is on the plaintiff to prove the facts alleged by him.

3. Same—*Limitation of Actions—Absence from State—No Concealment of Maker—Evidence.* There was no evidence to show that one of the two makers of the promissory note concealed himself any part of the time during which the statute of limitations run, nor that the other maker had been absent from the state during any part of that time.

4. Same—*Limitation of Actions—Letter Acknowledging Liability.* A letter dated January 21, 1914, written by one of the makers of a promissory note, may have acknowledged the existence of the indebtedness evidenced by the note then due and may have promised to pay it, but action to recover on it was not commenced until November 10, 1919. *Held,* that action against the writer of the letter was barred by the five-year statute of limitations.

5. Same—*Limitation of Actions—Right to Plead.* There was nothing to estop either of the defendants from pleading the statute of limitations.

6. Practice—*Plaintiff's Right to Dismiss Action.* Under section 395 of the code of civil procedure, a plaintiff has the right, at any time before the final submission, to dismiss his action without prejudice to a future action.

7. SAME. A motion by a plaintiff to dismiss his action under section 395 of the code of civil procedure comes too late when made after he has introduced his evidence and rested and an application has been made by 'the defendants asking the court to direct the jury to return a verdict in their favor and the court has announced "that there was no evidence introduced which would entitle the plaintiff to recover."

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed November 4, 1922. Affirmed in part and reversed in part.

*J. M. Stark,* of Topeka, for the appellant.
*J. J. Schenck,* and *C. P. Schenck,* both of Topeka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In this action, the plaintiff seeks to recover on a promissory note. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

An opinion in this case was filed March 11, 1922, but it has not been published. A rehearing was granted on account of an error in the record of the judgment from which the appeal was taken. That record has been corrected by the trial court, and the judgment, as corrected, appears in another part of this opinion.

Defendants John H. Baker and J. F. Reel executed a promissory note payable to F. W. Casner or order for $12,408.43, dated March 4, 1909, and due June 1, 1909. The note was indorsed to the plaintiff by F. W. Casner. This action was commenced on November 10, 1919, more than ten years after the note became due. To avoid the operation of the statute of limitations, the plaintiff pleaded that John H. Baker had not been within the state of Kansas for an aggregate period of five years since the maturity of the note, and that the defendant J. F. Reel, on or about January 21, 1914, "wrote to said Casner a letter wherein he distinctly and unqualifiedly acknowledged said promissory note to be an existing liability at the time of writing said letter, and expressed his willingness and purpose to pay the same, but stated that he was overwhelmingly in debt and had no funds to pay said note." The plaintiff also pleaded that defendant J. F. Reel had concealed himself so that service of summons could not be made on him. Each of the defendants denied those allegations of the petition that pleaded facts to avoid the running of the statute of limitations, and each pleaded that the note was barred by the five-year statute of limitations. A jury was impanelled to try the cause; but, at the conclusion of the

Cott v. Baker.

evidence of the plaintiff, the court instructed the jury to return a verdict in favor of the defendants.

1. The plaintiff contends that "there is no Kansas statute of limitation applicable to this case." This contention is based on the fact that the old civil code, including the statute of limitations, was repealed in 1909. The plaintiff argues that the old statute never started to run on this note, and that the new statute does not apply to it. In support of his argument, he cites the following language taken from section 754 of the code of civil procedure, as it was enacted in 1909: "But no rights acquired shall be affected by the passage of this act, nor shall a remedy be denied by reason thereof."

The argument of the plaintiff overlooks this cardinal principle of statutory construction:

"The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such provisions, and not as a new enactment." (Gen. Stat. 1915, § 10973, subdiv. 1.)

Another fault with the argument of the plaintiff is that the code of 1909 did not change any right of the plaintiff. His rights after the passage of that statute were the same as they were before.

Still another fault in the argument is that the new code of civil procedure was in effect when this note became due. If there had been a change in the statute of limitations, the new statute would have prevailed, but there was no change. The new statute of limitations is exactly the same as the old.

2. Another contention of the plaintiff is that "as defendants moved for a directed verdict without proof of the statute of limitations, judgment should go for the plaintiff." The plaintiff also argues that the answer of defendant Reel did not state that he had been within the state of Kansas five years since the maturity of the note and that therefore the answer failed to set up the statute of limitations. With these contentions the court cannot agree. The note showed on its face that as to both defendants it was barred. The plaintiff, to avoid the statute, pleaded certain facts. Each of the defendants denied those facts and alleged that the note was barred by the five-year statute of limitations. That constituted a sufficient answer to the petition and placed on the plaintiff the burden of proving the facts alleged to show that the note was not barred. The burden was not on the defendants to prove that the statute had run; it was on the plaintiff to prove that it had not

run. (*Easter v. Easter*, 44 Kan. 151, 24 Pac. 57; 25 Cyc. 1426, 1427.)

3. Another argument of the plaintiff is that "defendant Reel absconded and concealed himself in order to prevent action on the note sued on." The evidence of the plaintiff—there was no other—tended to show that early in 1908 J. F. Reel went to Dighton, Kan., and there openly engaged in the mercantile business, and continued in that business until in December, 1913, when he sold it and went to Blaine, Kan., where he remained a couple of months, after which he removed to Mayetta, Kan., and lived there until this action was commenced. At Mayetta, J. F. Reel and his wife, J. L. Reel, engaged in business under the name of his wife, the owner thereof. The plaintiff, through his then attorney, F. W. Casner, knew that J. F. Reel was at Dighton from the time of the execution of the note until the latter left that place. The plaintiff's attorney, J. M. Stark, learned about December 1, 1918, eleven months before this action was commenced, that J. F. Reel was at Mayetta. For more than five years after the maturity of the note the plaintiff knew the whereabouts of J. F. Reel and could have commenced an action against him and caused summons to be served on him. There was no evidence to show that he attempted to conceal himself at any time after the maturity of the note, and there was no evidence to show that John H. Baker had been absent from the state at any time between the maturity of the note and the commencement of this action.

4. The plaintiff argues that by the letter of January 21, 1914, written to F. W. Casner by J. F. Reel, the latter acknowledged the existence of the debt evidenced by the note and promised to pay it. The letter was not introduced in evidence. The testimony concerning its contents was not clear. Even if it did contain such an acknowledgment of the debt or promise to pay it as would start the statute of limitations from the date of the letter, the action was not commenced until more than five years after that date.

5. The plaintiff contends that "defendant Reel is estopped to plead the statute of limitations" for the reason that in the letter dated January 21, 1914, Reel made false statements concerning his financial condition and that he concealed himself by going under an assumed name and disguising his signature subsequent to that date. It has been noted that there was no evidence to show concealment. The evidence as to the signatures concerned the name under which the business was conducted at Mayetta. There was

Cott v. Baker.

no evidence concerning his financial condition at the time the letter was written. Even if all that is contended for by the plaintiff were true, it did not constitute any ground of estoppel.

6. The judgment now recites:

"The plaintiff begins the introduction of his evidence, and thereupon, the plaintiff moves the court to dismiss this case as to the defendant John H. Baker, and stated at the time that he would proceed to try the case as to the defendant J. F. Reel, and the court overruled said motion. . . .

"Plaintiff introduced all of his evidence and rested, and the defendants introduced no testimony. The defendants moved the court for an instruction directing the jury to find for the defendants. The court thereupon reviewed the evidence and announced that there was no evidence introduced which would entitle the plaintiff to recover in this case. The plaintiff then moved the court to dismiss the case as to each of said defendants in order that he might commence another case in the state of Missouri, which motion of the plaintiff was overruled by the court, and the court, thereupon, instructed the jury to find for the defendants."

Was there error in overruling plaintiff's motions to dismiss? The governing statute, section 395 of the code of civil procedure, reads:

"An action may be dismissed without prejudice to a future action:

"*First,* by the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court."

From the judgment, it clearly appears that the motion to dismiss as to John H. Baker was made before the evidence was concluded. That motion should have been sustained. (*U. T. Rld. Co. v. Rld. Comm'rs,* 54 Kan. 352, 357, 38 Pac. 290; *Wehe v. Mood,* 68 Kan. 373, 75 Pac. 476; *Taylor v. Danley,* 83 Kan. 646, 649, 112 Pac. 595.)

7. The motion to dismiss as to J. F. Reel is governed by an entirely different legal principle. That motion was not made until the action had been submitted to the court for judgment on a question of law and the decision on that question had been announced. The plaintiff's right to dismiss was controlled by the principle found in the following authorities:

"A motion to direct a verdict in favor of the defendant is substantially equivalent to a demurrer to the plaintiff's evidence." (*Sullivan v. Phenix Ins. Co.,* 34 Kan. 170, syl. ¶ 5, 8 Pac. 112.)

"After a demurrer to evidence has been sustained, the plaintiff has not the right to dismiss the action without prejudice to a future action." (*St. Jos. & D. C. Rld. Co. v. Dryden,* 17 Kan. 278, syl. ¶ 3.)

"While a court is considering a demurrer to plaintiff's evidence and giving reasons why it must be sustained, but before announcement is made that it is sustained, it is error to deny an application by the plaintiff to dismiss his case without prejudice." (*Pugsley v. Railway Co.,* 69 Kan. 599, 77 Pac. 579.)

The exact question under discussion has been before the supreme courts of Kentucky, Nebraska, and Ohio. The Kentucky court, in *Vertrees' Adm'r v. Newport News, &c., Co.,* 95 Ky. 314, used the following language:

"After the court has sustained a motion by defendant for a peremptory instruction to the jury, but before such an instruction has been given, the plaintiff has a right to dismiss his action without prejudice, as there has been at that time no 'final submission' of the case to the jury, within the meaning of subsection 1 of section 371 of the civil code." (Syl. ¶ 1.)

The supreme court of Nebraska, in discussing this question in *Bee Bldg. Co. v. Dalton,* 68 Neb. 38, said:

"The principal question to be decided is whether there was, within the meaning of this section, a final submission of the case upon defendant's motion. The contention of counsel for plaintiff is that the trial was to the jury and that there could be no submission of the case until the jury had complete authority to deal with it. This argument is plausible, but we cannot believe that it is sound. It is true a jury was impanelled, but it is equally true that the case was tried by the court, and not by the jury. The case was submitted upon an issue of law, and the determination of that issue eliminated the jury and ended the controversy. After it had been adjudged that the plaintiff had no case, and that there was no issue of fact to be decided, the direction, reception and recording of a verdict would have been mere ceremonial acts. These acts would, we know, be in accordance with conventional procedure; they would satisfy the requirements of judicial formalism, but they would be as useless and idle, and almost as absurd as the archaic practice of withdrawing a juror in order to secure a continuance. To direct the jury to return a verdict in favor of the defendant would have been to command the triers of fact to ratify a decision already made by the court upon a question of law." (p. 39.)

The Ohio court, in *Turner v. Pope et al.,* 79 Ohio St. 153, said:

"Where the plaintiff has introduced his evidence and rested, and each of the defendants has moved the court for a directed verdict on the ground that the plaintiff has failed to make a case for the jury, upon which motions the cause has been submitted to the court and its conclusions thereon announced, the plaintiff has not the right to dismiss the action without prejudice to a future action." (Syl. ¶ 2.)

The case was decided before the plaintiff presented his last motion to dismiss. It was not necessary to have the verdict of the jury before rendering judgment. That judgment could have been rendered by the court, and practically was so rendered, without the verdict of the jury. The last application to dismiss came too late.

The judgment as to J. F. Reel is affirmed, and is reversed and remanded with directions to dismiss the action as to John H. Baker.