No. 28,326.

THE MISSOURI-KANSAS-TEXAS RAILROAD COMPANY, *Appellee,*
v. WINIFRED BALL, Administratrix, etc., *Appellant.*

(271 Pac. 313.)

Opinion filed November 3, 1928.

*Carl V. Rice,* of Parsons, *J. C. Norman, Kelsey Norman* and *J. K. Bennett,* all of Joplin, Mo., for the appellant.

*W. W. Brown, C. E. Pile* and *E. L. Burton,* all of Parsons, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Missouri-Kansas-Texas Railroad Company obtained a judgment permanently enjoining Winifred Ball, administratrix, from prosecuting an action against the railroad company in Jasper county, Missouri. The defendant appeals.

David N. Ball, a fireman on the plaintiff's passenger train, was killed near Erie, where the train was derailed. His wife was ap-

pointed administratrix of his estate, and she brought an action under the federal employer's liability act, in Jasper county, Missouri, to recover damages for the death of her husband, which occurred, as it was alleged, through the negligence of the railroad company. Shortly after that suit was brought in Missouri, the present action was commenced to enjoin the prosecution of the action in Missouri. It is alleged that the plaintiff is a Missouri corporation, and that its principal place of business is at Parsons, with agents at other points in the state of Kansas. .The suit instituted in Missouri, it is alleged, was an attempt to vex and annoy the railroad company and secure an undue advantage of it, and gave the administratrix an inequitable advantage. It is further stated that the procedure and practice in Missouri differs materially from that of Kansas, in that the laws of Missouri permit a verdict by jury less than the whole panel, that no special questions can be submitted to the jury, and that the bringing of the action at Joplin in Missouri prevents a view by the jury of the situation at the scene of the accident. Joplin, where the court sits, it is alleged, is about sixty miles from Parsons, and that many of the witnesses reside in Parsons, and others reside near the place of the accident, about ninety miles from Joplin. It is further alleged that a trial in Missouri would have to be largely by deposition, and that the taking of depositions would make vexatious and unjust expense and render it impractical to obtain records and surveys which are kept at Parsons. Plaintiff alleged that it has no adequate remedy at law and is entitled to equitable relief against the further prosecution of the action in Missouri. Mrs. Ball answered by denying that the suit was an attempt to vex or harass the plaintiff, and is not more vexatious in a trial at Joplin than it would be in Kansas. She further denies the averment that appellee cannot have a fair trial in Missouri, specially denies that suit was brought to avoid the effect of any law of the state of Kansas or to avoid the force and effect of the practice and procedure in Kansas. The defendant further stated that the action could have been brought in any county in Kansas in the state where service could be obtained upon the agents, at places much farther from the scene of the accident than in Joplin, Mo.

Two witnesses of the railroad company were produced at the trial for an injunction, and one of them, its claim agent, testified to the effect that the scene of the accident was at the crossing of a stream two miles north of St. Paul; that prior to that time there had

been a flood; that it was necessary to obtain information as to the watershed area of the stream over a territory ten miles wide from east to west, and to ascertain the conditions of the rainfall in order to determine the cause of the accident. That in order to properly present to the jury the history of the rainfall over that watershed it would be necessary to call as many as twenty-five or thirty witnesses outside of the employees of the company, nearly all of whom live in Neosho county, Kansas, and as many as fifteen or twenty employees of the company at Parsons, Kan., would necessarily be called in order to properly present the case. Another witness, also a claim agent of the plaintiff, gave similar testimony. No other testimony was produced in behalf of the railroad company. The parties stipulated that the Missouri court was one of general jurisdiction, which had jurisdiction of the subject matter of the action and of the parties, and also that a certain statute of Missouri pleaded by the defendant provided in substance that suits against railway corporations shall be brought either in the county where the cause of action accrued or in any one of several counties through which the railroad runs, or in a county where the company keeps an office or agent for the transaction of its usual business. No testimony was offered by the defendant, and upon the evidence of plaintiff the court made the following findings of fact:

"That the said David N. Ball met his death in Kansas while engaged in the discharge of his duties as such employee, approximately ninety miles distant from Joplin; that his death was caused from unusual flood waters in the basin or watershed of Flat Rock creek; that the evidence of the manner and conditions under which said David N. Ball met his death, including the weather, the rainfall, the basin of Flat Rock creek, and its flood history, the circumstances and surroundings, all material issues in the case, must be obtained largely, almost entirely from the evidence of residents in the vicinity of the place of his death; that the testimony of many material witnesses will necessarily be had from that vicinity, and also many material witnesses from Parsons, including employees of plaintiff railroad company; that it would be greatly to the advantage of the parties to the suit that the witnesses appear in person before the court and jury; that their personal attendance cannot be compelled in the Missouri court by legal process; that the taking of testimony by depositions would be expensive and unsatisfactory; that to try said cause pending in the Missouri court, would subject plaintiff herein, defendant in said Missouri court, to great, unusual and unnecessary expense and inconvenience, and vexatiously harass and annoy plaintiff, and would secure to defendant or defendants herein an undue, unfair, inequitable and unconscionable advantage, and plaintiff has no adequate remedy at law. The court further finds that the action by defendant, Winifred Ball, administratrix of the estate of David N. Ball, deceased, as plaintiff in the circuit court of Jasper county, Missouri, sitting

at Joplin, was brought by said plaintiff in said Missouri court to obtain an inequitable and unjust and unfair advantage of Missouri-Kansas-Texas Railroad Company, plaintiff herein, defendant in said Missouri court, and to vexatiously harass and annoy plaintiff herein, defendant in said Missouri court."

On the evidence stated and upon the findings, the court gave judgment for plaintiff permanently enjoining the defendant from the further prosecution of the case in the Missouri court. It will be observed that the suit sought to be enjoined was brought under the federal employer's liability act, under which state courts have concurrent jurisdiction with the federal courts, and necessarily the substantive law is the same in every court in every state having jurisdiction of the cause. It is conceded that the action is transitory in its nature and could be brought in any state where the railroad company could be served with process. The action had been brought in Missouri and was pending in a county and was triable in a city through which the railway company was operating its railroad, and it is not questioned that proper service was had upon the company. It will be noted that there was no finding of fraud or oppression on the part of the defendant in the bringing of the action in Missouri; nor indeed could such a finding have been made under the evidence in the case. The only ground brought out in the testimony of plaintiff was that a great number of witnesses would be required to properly try the case, and that they resided considerable distances from Joplin, Mo., where the case was to be tried. Nothing was shown about the motive of the administratrix in bringing the action in Missouri, and no attempt was made to prove that she was actuated by fraud or a purpose to oppress or to gain an inequitable advantage of the railroad company, or to harass or annoy that company. The only inference to be drawn from the testimony was that it would cause inconvenience and expense to the company.

An action may of course be instituted to enjoin parties from prosecuting actions in our own or a foreign state, where the purpose of a party is to do an inequitable thing, something contrary to good conscience, and to enjoin them from doing acts which will oppress or work wrong and injury to others. In *Cole v. Young*, 24 Kan. 435, the court ruled that injunction might be granted to thwart such a purpose and to prevent such a wrong, but it was held that it could not be allowed to compel a party to carry on his litigation at home rather than in the court of a foreign state having competent juris-

diction. It was further stated that it could not be granted on a basis of distrust of the courts of a sister state.

In another case it was held that a party might be enjoined from prosecuting a garnishment proceeding in a foreign state brought to subject the personal earnings of a debtor where the earnings were exempt and were necessary for the support of his family, and where it was alleged that the suit had been brought to evade the laws of Kansas. (*Zimmerman v. Franke*, 34 Kan. 650, 9 Pac. 747.)

In still another case, *Gordon v. Munn*, 81 Kan. 537, 106 Pac. 286, an injunction was upheld against the maintenance of an action where a suit had already been brought in Kansas on a certain cause of action, and the party enjoined had brought another action in Colorado on the same cause. It was stated in the affidavit for the injunction that the adverse parties were able and had threatened to spend large sums of money for the purpose of oppressing, annoying and intimidating the plaintiff to abandon her rights and surrender her property to them. In that situation it was held injunction was within the equity powers of the court. In *Mason v. Harlow*, 84 Kan. 277, 114 Pac. 218, it was held that equity has power to restrain a party within its jurisdiction from prosecuting a suit in the courts of another state in a proper case, as where an action has been brought maliciously in order to vex and harass another citizen or to interfere or prevent the free administration of justice it will not hesitate to exercise the power; but it was expressly said that "courts will not enjoin a suit in another state merely on the ground of the convenience of parties," etc.

In the late case of *Bank Savings Life Ins. Co. v. Wood*, 122 Kan. 831, 253 Pac. 431, a suit which had been brought to enjoin the defendant from prosecuting an action in Missouri upon a policy of life insurance, and where the Kansas court was asked to grant an injunction upon the alleged ground that the case had been brought for the purpose of vexing and harassing the plaintiff and causing it the additional expense of defending in a foreign state, it was held that the foreign court having obtained jurisdiction of the parties in the suit begun there, a later action brought in Kansas to enjoin the further prosecution of the action in the foreign state could not be maintained for any of the reasons stated, that the convenience of the parties is not a sufficient reason for an injunction, and that "this is doubly true when the action in the foreign state is the one first to be commenced." (p. 834.)

Although several grounds of alleged inequity were set forth in plaintiff's petition, it appears that nothing but mere inconvenience to plaintiff was shown in the evidence, and hence the Wood case is a controlling authority that injunction does not lie to restrain the defendant from prosecuting her action in Missouri. In the answer of defendant it was specifically denied that she was attempting to vex, annoy or harass the plaintiff in bringing her action in Missouri, or that it was done to obtain an inequitable or unfair advantage of the plaintiff, and, as we have seen, no evidence was produced to show that defendant was actuated by a purpose to harass or oppress the plaintiff in the bringing of the action. In the answer reference was made to the plaintiff's allegation as to the difference in the procedure in the courts of Kansas and Missouri in respect to submitting special questions to the jury, something not provided for in Missouri, and that under the procedure in Missouri a verdict may be given by three-fourths concurrence of the members of the jury. The defendant alleges that these are mere matters of procedure; that the action being brought under the federal employer's liability act, the substantive law governing actions under the act is of the same application, force and effect as in other jurisdictions, and further, there can be no advantage to the defendant in the practice and procedure since it applies alike to both parties, and that before a verdict can be given against the company in Missouri it must be found guilty of the negligence alleged in her petition, under proper instructions of the court given at the request of both parties, and that the findings made under the practice of Missouri are of equal advantage to plaintiff and defendant, and cannot be inequitable or unjust to either.

Much was made by plaintiff, it is said, as to the distance of Joplin, Mo., from the place of the accident, about eighty miles, and as to that point defendant stated that under the laws of Kansas the suit could have been brought in any county of Kansas on the line of the railroad, at points much more distant from the scene of the accident, and no objection could have been made as to the inconvenience and expense of obtaining witnesses at the trial; and defendant added that the suit was not brought in Missouri for any other purpose than for a fair and impartial trial of the issues in the case. In this kind of action it may be instituted in any competent court wherever service on the defendant may be made. If the matter of inconvenience was a ground for consideration, a defendant might in-

sist that the action must be brought where the defendant resided or at the place of the accident. In the present action the defendant could not have complained if defendant had brought the action in Geary county; Kansas, which is about three times farther away than Joplin, Mo., is from the scene of the accident, or it might have been brought in any one of a number of counties in Kansas much farther away from Parsons than is Joplin, Mo. In any event the inconvenience of taking witnesses to Joplin or of procuring their testimony by deposition cannot be regarded as a fraud upon or oppression of plaintiff, or that it is such an inequity as would justify injunction.

Besides our own decisions cited, reference is made to *Chicago, M. & St. P. R. Co. v. McGinley,* 175 Wis. 565, where similar questions were raised and determined. An action was brought in Wisconsin to enjoin an employee of the railroad company from prosecuting an action in Minnesota for personal injuries sustained in Wisconsin. That action, as in this case, was brought under the federal employer's liability act. Among the points urged as a ground for injunction was that in Minnesota a verdict may be rendered by ten concurring jurors, while a unanimous verdict of twelve jurors is required in Wisconsin, and it was contended there as here that the deprivation of a unanimous verdict was a ground for injunction. The court, however, held that the venue being in a state where a unanimous verdict is not required it cannot be said that the bringing of the action in another state would work a hardship, oppression or fraud against the plaintiff, as the provision operates with equal force and effect upon both parties. It was added that the same reason applies to the contention that the trial in the sister state deprives the plaintiff of the right to have the jury view the premises where the accident occurred. There was a further holding that:

"A court of equity is not warranted in enjoining a citizen of this state from prosecuting in a sister state an action for personal injuries sustained in Wisconsin on the ground that a large number of the witnesses reside in this state, making necessary the taking of their depositions instead of oral testimony." (Syl. ¶ 7.)

The right of recovery in a transitory action like the one in question depends on the laws applicable where the injury was sustained, but the rules of procedure and the methods of trial to be used are those of the court in which the action was brought. It must be assumed, too, that the court of the sister state will give the plaintiff

as well as the defendant a fair trial and administer the substantive law applicable as it would if the case were tried in Kansas, and that it will judicially and justly determine the issues in the case. See, also, *Lancaster v. Dunn,* 153 La. 15; *Illinois Life Ins. Co. v. Prentiss,* 277 Ill. 383; *Edgell v. Clarke,* 45 N. Y. Supp. 979; *Gibson v. Bellingham & W. Ry. Co.,* 213 Fed. 488; *American Express Co. v. Fox,* 135 Tenn. 489; *Wade v. Crump,* (Tex. Civ. App.) 173 S. W. 538.

Following our own authorities and the supporting ones cited, it must be held that on the evidence in the record an injunction could not be properly granted.

The judgment will be reversed and the cause remanded, with directions to enter judgment for the defendant.