No. 34,648

John Williams, *Appellee,* v. Lee Payne, doing business as The Pittsburg Transfer & Storage Company, and The Western Casualty & Surety Company, Fort Scott, *Appellants.*

(94 P. 2d 341)

Opinion filed October 7, 1939.

*P. E. Nulton, R. L. Letton,* both of Pittsburg, and *Douglas Hudson,* of Fort Scott, for the appellants.

*Sylvan Bruner, Pete J. Farabi,* of Pittsburg, and *Louis N. Wolf,* of Joplin, Mo., for the appellee.

The opinion of the court was delivered by

Dawson, C. J.: This is an appeal from a judgment of the district court of Crawford county denying an injunction to restrain the plaintiff from prosecuting an action in Missouri founded on the same cause of action as one which the Crawford county district court had already taken jurisdiction of at the instance of the plaintiff.

The pertinent facts were these:

On October 6, 1936, on the premises of the Santa Fe railway company in the city of Pittsburg, there was a collision of motor trucks, one of which was operated by plaintiff, John Williams, and the other by an employee of defendant, Lee Payne. The latter operated a number of trucks under license. On the alleged ground that the fault lay with Payne, Williams brought an action in the district court of Crawford county against Payne and his insurance carrier for damages to his person and property in the sum of $15,000. The

action was filed on April 16, 1937. On June 29 defendants filed their answer, and on December 31 plaintiff filed his reply. On February 26, 1938, plaintiff filed an amended petition, to which defendants answered on April 11.

While the cause and issues thus stood in the Kansas district court in the forum of plaintiff's own choice, on July 1, 1938, he filed another suit on the same cause of action in the circuit court of Jasper county, Missouri, making Payne alone defendant therein; his insurance carrier was not impleaded; the recovery sought was $10,000.

From this point forward our statement of facts will require us to keep track of both the Kansas lawsuit and the Missouri lawsuit.

On July 9, 1938, defendants filed in the Crawford county, Kansas, district court an amended answer to plaintiff's amended petition of February 26, and on July 13 plaintiff filed a reply thereto.

On September 19 plaintiff filed in the Jasper county, Missouri, circuit court, a motion for a change of venue, which was granted; and on October 4 the Missouri case was certified to the circuit court of Barton county, Missouri; and in the latter court plaintiff then filed an amended petition raising his prayer for damages to $20,000.

(At the oral argument before this court on appellants' application for a stay of proceedings, counsel for both parties intimated that through some further maneuver in procedure another change of venue has occurred or is shortly to occur, whereby another transfer of that case will be ordered and will be triable in the circuit court of Vernon county, Missouri.)

On October 4, 1938, plaintiff filed a second amended petition in the original action in the Crawford county, Kansas, district court, to which defendants answered on January 16, 1939, and plaintiff replied on January 23.

The Kansas lawsuit was thus at issue on the amended pleadings, and on January 23 it came on for trial before a jury, resulting in a mistrial by the failure of the jury to reach a verdict. The jury was discharged on January 27 and a new trial ordered.

At the next setting of cases for trial, in the Crawford county district court, on March 20, counsel for defendants requested the court to set the cause for trial. Counsel for plaintiff objected, stating to the court that they intended to try the case in Missouri. Counsel for defendants asked the court to set it for trial or dismiss it. No ruling was made on this request. Later at another setting of cases at the same term of court, in April, counsel for defendants again

requested that the case be set for trial. Counsel for plaintiff again objected, saying, "They were going to try the case in Missouri and didn't want it set down in Pittsburg." Counsel for defendants insisted the case either be set for trial or dismissed. No formal order of court was made pursuant to that colloquy of counsel.

On April 28, 1939, plaintiff filed in the Crawford county district court his *third* amended petition.

On July 10, 1939, the defendants, Payne and his insurance carrier, filed in the Crawford county district court their application for an injunction to restrain plaintiff from prosecuting the action in Missouri. They pleaded the prior jurisdiction of the Kansas court over the subject matter and the parties, the fact that the cause of action arose in Pittsburg, Kan., that the principal litigants resided in Pittsburg, that their witnesses all lived in or around Pittsburg, that the chief counsel for the litigants resided in Pittsburg, that the concurrent prosecution and maintenance of another lawsuit in Missouri necessitated the employment of additional attorneys versed in Missouri law and practice and was an unjustifiable hardship on defendants, that under the Kansas statute (G. S. 1935, 40-220) the defendant insurance carrier was entitled to contest its legal liability in a Kansas district court in any such action as that alleged by plaintiff and was immune from the hazards of such litigation elsewhere. In the application it was also alleged that in the Kansas court defendants were entitled to the privilege of propounding special questions to the jury and to a judgment based on a jury's unanimous verdict, whereas in Missouri they had no such privileges, and that in Missouri a money judgment could be recovered on a verdict of three-fourths of the jury.

To this application for an injunction, counsel for plaintiff filed an answer on September 6, alleging that defendant Payne had voluntarily submitted to the jurisdiction of the Jasper county (Mo.) circuit court, by filing a demurrer to plaintiff's petition and a motion to dismiss plaintiff's action for failing to give the prescribed statutory security for costs. It was further answered that the applicant, Payne, had resisted plaintiff's motion for a change of venue; and that subsequently when the change of venue to Barton county, Missouri, was granted, the applicant filed a motion to strike out parts of plaintiff's amended petition, and had also filed a motion for a continuance on the ground that one of his Missouri attorneys was

a member of the legislature—that being a statutory ground for a continuance in that state. For all of which reasons plaintiff Williams alleged that the applicant Payne had waived any right he might have had to enjoin the prosecution of the Missouri action, and that he had been guilty of laches in not filing proceedings to enjoin said Missouri action until more than a year had elapsed, nor until the trial of the Missouri case was imminent.

The matters involved in this application for an injunction were set down for hearing on the pleadings and on certain stipulations of agreed facts, together with certain testimony of attorneys touching narrative and procedural details of the litigation which elicited no material controversy of fact.

Plaintiff demurred to the sufficiency of the facts to justify the granting of the injunction. This demurrer was sustained, and the matter was forthwith appealed to this court, and an application was made for a stay of the district court's judgment pending a final decision of this court. At the hearing of such application, the oral arguments and admissions of counsel developed all the material facts; and by mutual consent the cause was submitted on the merits for early decision, the desirability for which was obvious.

The exercise of injunctive power by one court to restrain litigants from prosecuting another action in another court is one not to be lightly exercised. The power, however, does exist, and on proper occasion it has been sanctioned by this court (*Gordon v. Munn,* 81 Kan. 537, 106 Pac. 286; *Mason v. Harlow,* 84 Kan. 277; 114 Pac. 218, 33 L. R. A., n. s., 234).

Ordinarily the exercise of the power to restrain the prosecution of a second action in another court is most readily justified where the court exercising it has had prior jurisdiction of the subject matter and the parties. (*Ewing v. Mallison,* 65 Kan. 484, 70 Pac. 369; *Juhlin v. Hutchings,* 90 Kan. 618, 135 Pac. 587; *City of Hutchinson v. Hutchinson Gas Co.,* 125 Kan. 346, 264 Pac. 68.)

In 14 R. C. L. it is said.

"An injunction restraining a suit in a foreign court is sometimes granted . . . where the local court had prior jurisdiction, and all matters at issue can readily be adjudicated in the suit there pending . . . In this connection it is also decided that if a suit or action is already pending in a court of a state or nation between residents thereof, and one of them subsequently institutes another action for the same cause against his adversary in a foreign court,

though complete justice between the parties may be done in the local court, the action in the foreign court will be regarded as vexatious and will be enjoined." (pp. 416, 417.)

This rule of equity was applied in *Bankers Life Co. v. Loring,* 217 Ia. 534, 250 N. W. 8; and in *Reed's Admr'x v. I. C. R. Co.,* 182 Ky. 455, 206 S. W. 794. See, also, 32 C. J. 114 *et seq.*

Counsel for appellee, however, suggest that plaintiff's action in Missouri whose prosecution is sought to be enjoined is a mere transitory action sounding in tort, and that no Kansas precedent can be cited to justify injunctive interference. They go further and cite the comparatively recent case of *Missouri-K.-T. Rld. Co. v. Ball,* 126 Kan. 745, 271 Pac. 313, where this court reversed the judgment of a trial court which had enjoined the plaintiff Fall from prosecuting a *tort* action in Missouri. We there recognized the right of a plaintiff to select any forum open to him in which to commence and prosecute his action, and that when he did so commence his action in Missouri, its prosecution should not be enjoined by a Kansas court in an action subsequently begun, in which action the Kansas court's jurisdiction merely extended to the parties and not to the subject matter of the action theretofore begun in Missouri. The closer the Ball case is studied the less any analogy to the case at bar is discernible. In the Ball case the defendant was a Missouri corporation. Here the defendant is a citizen of Pittsburg, in Crawford county, Kansas. In the Ball case no action involving the same cause and issues was pending. In this case the action on the same cause and issues was begun in Kansas by plaintiff himself more than a year before he commenced his action in Missouri.

The Kansas case was at issue long prior to the institution of the Missouri case. The instant case has already been tried in Kansas, while the Missouri case has gone its devious way from one circuit court to another, having its pleadings amended from time to time, and serving no apparent purpose except to tantalize the defendants.

Counsel for plaintiff virtually concede that if defendants had promptly asked the Kansas court to enjoin the prosecution of the action in Missouri they might have been entitled to injunctive relief, but that appellants have been guilty of laches in that respect and are now estopped to seek such relief because they have hired Missouri lawyers to attend to that case, and by filing a demurrer to the petition in it, by resisting plaintiff's motion for a change of

venue, by filing a motion to strike out parts of plaintiff's amended petition, and by filing a motion for its continuance.

We do not think these incidents constitute estoppel; and as for laches, the grievance of the maintenance of the Missouri case was progressive—plaintiff's seeking a change of venue from one Missouri court of his own selection to another, and repeatedly amending his pleadings, which had the effect, if not the intention, of making more difficult defendants' preparation to meet the issues first tendered. We think that neither the plea of laches nor estoppel was good. And while it is true that in no transitory action sounding in tort commenced in another state have litigants prosecuting it been enjoined in this state, the lawbooks draw no distinction between actions in tort and other transitory actions. (See *Reed's Admr'x v. Ill. Cont. R. Co.*, supra; and *Weaver v. Alabama Great Southern R. Co.*, 200 Ala. 432, 76 So. 364.)

Without our giving judicial sanction to all the particular grounds pleaded by defendants for injunctive relief, a patient study of the entire record constrains this court to the conclusion that the prosecution and maintenance of the action in Missouri—in whatever court in that state it now happens to be—is vexatious and inequitable, and appellants were entitled to the injunctive relief they prayed for in the Crawford county district court.

The judgment is therefore reversed and the cause remanded with instructions to render judgment for defendants.