No. 40,991

RALPH D. KINSCH, *Appellant,* v. MISSOURI-KANSAS-TEXAS RAILROAD COMPANY, a Corporation, *Appellee.*

(326 P. 2d 327)

Opinion filed June 7, 1948.

*John Shamberg,* of Kansas City, argued the cause, and *Joseph Cohen, Charles Schnider, Joseph P. Jenkins,* and *Albert M. Ross,* all of Kansas City, and *Metzenbaum & Schwartz,* of Cleveland, Ohio, were with him on the briefs for the appellant.

*Elmer W. Columbia,* of Parsons, argued the cause, and *John B. Markham* and *Herman W. Smith, Jr.,* both of Parsons, *Frank J. Rogers,* of Kansas City,

Mo., and *Lloyd W. Jones*, of Denison, Texas, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: On January 24, 1956, plaintiff, as an employee of defendant and in pursuance of the provisions of the federal employers liability act (Title 45, U. S. C. A., 51 *et seq.*) had filed in the Labette district court his petition in an action for personal injuries. On May 11, 1957, this court, in a former appeal (*Kinsch v. Missouri-Kansas-Texas Railroad Co.*, 181 Kan. 354, 310 P. 2d 903) reversed an order of the court below sustaining defendant's motion to quash the service of summons. This appeal is from an order of the Labette district court overruling a motion by plaintiff to dismiss without prejudice the second cause of action contained in his petition, hereinafter briefly set out, and granting an application of defendant for an order of injunction from plaintiff's prosecution of an identical cause of action in the Wyandotte district court.

In the first cause of action contained in the petition plaintiff sought to recover for serious back injuries sustained by him on February 5, 1953, while he was removing a cylinder assembly from one of defendant's diesel engines. In the second cause of action he sought recovery for serious body dermatitis contracted by him while working on another diesel engine of defendant on November 23, 1953, as a result of being saturated with a rust resistant compound contained in water from the cooling system of the diesel.

On October 9, 1956, plaintiff filed a petition in the Wyandotte district court wherein he alleged a cause of action identical with that contained in the second cause of action alleged in his petition filed in the Labette district court. On October 15, 1956, service was obtained on defendant in the Wyandotte district court.

On November 7, 1956, defendant moved to stay the Wyandotte county proceeding pending our determination of the previous appeal, which motion was sustained by that court on January 3, 1957. Then on July 13, 1957, defendant filed its motion in the Wyandotte district court to dismiss the action there because the Labette district court had full jurisdiction. This motion was set for hearing on August 1, 1957, was continued to August 22, 1957, and further continued to September 9, 1957, after which date the record fails to show any action thereon.

On August 3, 1957, plaintiff filed a motion in the Labette county proceeding to dismiss his second cause of action without prejudice to the filing of a future action, and on August 5, 1957, in the same proceeding defendant filed its application seeking an order enjoining further prosecution of the Wyandotte proceeding by plaintiff. On September 5, 1957, these matters were heard and taken under advisement by the Labette district court. Its ruling entered on October 2, 1957, overruled plaintiff's motion to dismiss his second cause of action and enjoined plaintiff and his attorney from proceeding in any manner and from any prosecution of the Wyandotte action until further order.

In arriving at the latter conclusion the court said, in substance, that to permit plaintiff to maintain and prosecute the Wyandotte county action would be to permit a multiplicity of actions contrary to proper procedure since plaintiff had previously selected the Labette district court to determine the parties' rights growing out of the allegations of the petitions filed in both counties.

As stated, plaintiff timely filed his notice of appeal from the order and judgment overruling his motion to dismiss his second cause of action and sustaining defendant's application for an order of injunction. Hence this appeal, which presents two major questions regarding, first, plaintiff's right to dismiss his second cause of action in Labette county and, second, defendant's right to have plaintiff and his counsel enjoined from prosecuting the action in Wyandotte county under the existing facts and circumstances.

Plaintiff relies on G. S. 1949, 60-3105, which reads in part:

"An action may be dismissed without prejudice to a future action:
"*First.* By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court . . .,"

and on G. S. 1949, 60-601 as follows:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore denominated legal or equitable, or both . . .,"

with which defendant seems to have no quarrel, but there is a direct conflict between plaintiff and defendant when we come to the application thereof to our present case.

Plaintiff further relies on *Bavuso v. Angwin,* 166 Kan. 469, 201 P. 2d 1057. On August 4, 1947, the plaintiff therein commenced an action for damages in Kansas against two defendants in which, after preliminary motions, an amended petition was filed on Janu-

ary 15, 1948. On April 10, 1948, plaintiff filed an action arising out of the same facts in Jackson county, Missouri, and personal service was had on one of the defendants in Missouri. On April 15, 1948, plaintiff and his attorneys were temporarily restrained and enjoined from maintaining the Missouri action but plaintiff moved to dismiss the Kansas action, which motion was immediately allowed. Some time later the restraining order was dissolved because it had not been served on plaintiff before he filed and obtained a favorable ruling on his motion to dismiss. The questions in the Bavuso case while not identical with those here involved were resolved in the plaintiff's favor and the trial court was affirmed. Plaintiff also cites earlier cases where the same statute (G. S. 1949, 60-3105) was applied. (*Darnell v. Haines,* 110 Kan. 363, 203 Pac. 712; *Cott v. Baker,* 112 Kan. 115, 210 Pac. 651; *Henry v. Edde,* 148 Kan. 70, 79 P. 2d 888.) In the Henry case (p. 73) the court in essence stated that under the common-law, as well as by statute, a plaintiff is entitled to control the disposition of his action, where the application is seasonably made and until the final submission of the cause.

On the other hand, defendant contends that plaintiff could not dismiss the second cause of action in Labette county and leave the first cause pending there, and further, that it was proper for the court to restrain the plaintiff and his attorney from prosecuting the Wyandotte action. We are not persuaded to follow defendant's contention by the authorities it cites and relies upon as justification thereof. Plaintiff is not attempting to keep both actions pending based on the second cause in the Labette county action and the petition in the Wyandotte county action, as was the situation in *Williams v. Payne,* 150 Kan. 462, 94 P. 2d 341, where the plaintiff refused to dismiss either of two actions he had instituted. (See, also, *Graves v. National Mutual Cas. Co.,* 164 Kan. 267, 188 P. 2d 945.) No element is here present similar to that in *Gordon v. Munn,* 81 Kan. 537, 106 Pac. 286, where the parties were able and had threatened to spend large sums of money to intimidate, oppress and annoy their opponent so as to induce and compel abandonment of rights and surrender of property. No question is here present of dissolution of partnership, of management of properties belonging thereto, or appointment of a receiver to take charge thereof, as was the case in *Schaefer v. Milner,* 156 Kan. 768, 137 P. 2d 156. We are not confronted with a proceeding in the settlement of a decedent's estate (*Egnatic v. Wollard,* 156 Kan. 843, 137 P. 2d 188;

*Herbel v. Nuss,* 158 Kan. 376, 147 P. 2d 735; *Searight v. Chor,* 170 Kan. 271, 225 P. 2d 118; *Hoard v. The Home State Bank,* 176 Kan. 624, 272 P. 2d 1054) or do we have a case where a husband sues a wife for divorce in one county and she sues him in another county. (*Schaeffer v. Schaeffer,* 175 Kan. 629, 266 P. 2d 282.)

It is not disputed that plaintiff could dismiss his entire action in Labette county, and we believe that he could not be denied the absolute right to dismiss the second cause. He had the choice of abandoning his second cause of action or refiling it and he chose to refile it in Wyandotte county at a time when the Labette district court had sustained a motion to quash the service of summons on the defendant, which ruling had not yet been determined on appeal.

In *Schaefer v. Milner,* supra, this court quoted from *Merritt v. American Steel Barge Co.,* 79 Fed. 228, 232, as follows:

" 'If the prior action does not deal either actually or potentially with specific property or objects, but is strictly a suit in personam, in which nothing more than a personal judgment is sought, no reason is perceived why a subsequent action may not be brought and maintained in another jurisdiction, although it involves the determination of the same issue or issues on which the right to recover in the first suit depends.' " (p. 778.)

The foregoing rule sustains plaintiff's contentions. While the trial court based its opinion squarely on the proposition that a multiplicity of actions would thereby be avoided, no authority has been presented nor have we found any to support that conclusion. From a practical standpoint, such an exception to the statute might be very laudable but we think that is a matter of legislative, not judicial, concern. It must be admitted that vexation, harassment, intimidation, fraud, oppression, etc., may take rights away from a plaintiff to control his lawsuit before final submission, but those elements fundamentally affect the proper administration of justice. In another case involving an action under the federal employers liability act (*Missouri-K.-T. Rld. Co. v. Ball,* 126 Kan. 745, 271 Pac. 313) in a Labette county proceeding, the defendant sought to enjoin the prosecution of an action by a deceased employee's widow in Jasper county, Missouri, and on an appeal by the defendant this court said that an action may be enjoined where that is necessary to prevent hardship, oppression, or fraud, but it will not be enjoined merely on the ground of the convenience of the parties.

Other questions are presented by plaintiff but they are sufficiently answered by the determination of the two major issues already dis-

cussed, namely, that the trial court erred in refusing plaintiff the right to dismiss his second cause of action without prejudice and in restraining plaintiff and his counsel from prosecution of the action in the Wyandotte district court.

The judgment of the trial court is reversed with directions to dismiss the second cause of action without prejudice.

SCHROEDER, J. (dissenting): In my opinion the plaintiff should not be permitted to dismiss his second cause of action upon the facts and circumstances here presented. The facts indicate an attempt to harass the·defendant. Once having selected the forum in which plaintiff desired to prosecute his two causes of action against the defendant, he should not, after his first adverse encounter with the trial court, which he appealed to the Supreme Court, be permitted to dismiss one cause of action, without prejudice, upon facts which clearly indicate plaintiff's intention to prosecute such cause of action in another county. I would construe G. S. 1949, 60-3105, to require dismissal of both causes of action, if plaintiff desires to exercise the right of dismissal, without prejudice, authorized by the statute.

I, therefore, respectfully dissent from that portion of the majority opinion and would affirm the ruling of the trial court on this point.

PRICE, J., concurs in the foregoing dissenting opinion.