WILLIAM F. PUGSLEY v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

No. 13,509.   (77 Pac. 579.)

SYLLABUS BY THE COURT.

PRACTICE, DISTRICT COURT—*Application to Dismiss Not Too Late.* While a court is considering a demurrer to plaintiff's evidence and giving reasons why it must be sustained, but before announcement is made that it is sustained, it is error to deny an application by the plaintiff to dismiss his case without prejudice.

Error from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed July 7, 1904.   Reversed.

*David Overmyer*, for plaintiff in error.

*M. A. Low*, *W. F. Evans*, and *Paul E. Walker*, for defendant in error.

The opinion of the court was delivered by

GREENE, J. : This is a proceeding to reverse an order of the court below denying plaintiff's application to dismiss his action without prejudice, and sustaining a demurrer to plaintiff's evidence. The action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of defendant's agents and employees. After he had introduced his evidence the defendant demurred generally. After the argument of the demurrer, and while the court was considering the question and giving his reasons why he thought the demurrer should be sustained, but before a final decision was announced, the plaintiff announced to the court that he desired to dismiss his case without prejudice. The application was denied, the demurrer sustained, and judgment rendered for defendant. The refusal of the court to permit the plaintiff thus to dismiss his case without prejudice is the first error of which complaint is made.

Section 397 of the code (Gen. Stat. 1901, § 4846) reads :

"An action may be dismissed without prejudice to a future action : First, by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court. . . ."

If it could be said that the demurrer had been passed upon and sustained before the plaintiff made his application to dismiss, it would be clear, under the former decisions of this court, that the plaintiff could not, as matter of right, dismiss without preju-

dice. (*St. Jos. & D. C. Rld. Co. v. Dryden*, 17 Kan. 278; *K. P. Rly. Co. v. Couse*, 17 id. 571; *Schafer v. Weaver*, 20 id. 294; *Bee Bldg. Co. v. Dalton*, 93 N. W. [Neb.] 930; *Beaumont et al. v. Herrick*, 24 Ohio St. 445.) When plaintiff made his application the demurrer was still under consideration; it was pending; it had not been disposed of. The court was giving his reasons for the ruling he then expected to make, but which had not been made. The defendant, at the point where the plaintiff made his application to dismiss, might have withdrawn the demurrer and gone on with the trial; or the court, after having used the language found in the record prior to the plaintiff's application, in further reasoning upon the question might have changed its mind and determined that what first appeared sufficient for sustaining the demurrer, upon further reflection appeared otherwise. These were possible contingencies, one of which would have rendered a final determination of the demurrer unnecessary, and the other would have resulted in overruling it. These are only suggestions to show that when the plaintiff made his application to dismiss, the demurrer had not been disposed of. While it was pending, and before a final determination against the plaintiff, he could dismiss his case without prejudice.

This court has not gone so far in any of the reported cases as to say that while a demurrer to the evidence is pending the plaintiff may not dismiss without prejudice. It was said by Mr. Justice Valentine in *Schafer v. Weaver*, 20 Kan. 294, 296:

"Where a demurrer to evidence is submitted to the court, the submission is only conditionally final. It is final upon the condition that the court shall sustain the demurrer, and shall not in its discretion choose to

reopen the case for the admission of other evidence, or for the dismissal of the action without prejudice.''

When the application to dismiss was made in this case, the question being considered by the court was only conditionally final. While the case was in that status, it could be dismissed without prejudice to a future action. We think the court erred in denying the application.

The second contention is that the court erred in sustaining the defendant's demurrer to the evidence. It can serve no public purpose for this court to go into an examination of the evidence in explanation of the reasons for its conclusion. Suffice it to say that a careful examination of the evidence indicates that the demurrer was properly sustained.

For the reasons assigned the judgment of the court below is reversed, and the cause remanded with instructions to sustain the plaintiff's application to dismiss without prejudice.

All the Justices concurring.