Hodge v. Bishop.

No. 19,671.

L. D. HODGE, *Appellee,* v. WARDEN BISHOP and FLORA BISHOP, *Appellants.*

SYLLABUS BY THE COURT.

ACTION FOR RENTS—*Contract between Father and Children for Possession—Equitable Title—Counterclaim Improperly Rejected.* In an action to recover rent for the use of land the petition alleged that the plaintiff was the owner of the land and that the defendant was a tenant holding over under an oral lease. The defendant answered the claim for rent, asserted that upon a proper accounting nothing would be found to be due, but expressed a willingness and desire to pay any balance which might be found against him. The defendant further answered to this effect: The plaintiff, who was the defendant's father-in-law, offered the land to the defendant and his wife to take, improve, and make their home, the plaintiff intending the land for his daughter. Rent was to be paid to the plaintiff during his natural life. A certain rent was reserved for the first two years, which was then to be reduced for the future. The defendant and his wife accepted the plaintiff's offer, moved on the land, have ever since occupied it as their home, and have placed improvements upon it to the value of from $3500 to $5000. The prayer was that the defendant's wife be made a party, that the court determine the true character of the contract with the plaintiff and his wife, that his wife be adjudged to have the equitable title to the land, and that the plaintiff be required to carry out the contract in which such title originated. The reply denied the claims of the answer and insisted upon a naked lease to the defendant. *Held,* the answer presented a proper counterclaim within the meaning of sections 97 and 98 of the civil code, which should have been adjudicated.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed October 9, 1915. Reversed.

*Samuel Jones,* of Lyons; and *C. M. Williams,* of Hutchinson, for the appellants.

*Frank L. Martin,* and *Van M. Martin,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover rent for the use of real estate. The answer, besides contesting the rent account, presented certain claims of an equitable nature to the real estate itself growing out of the contract to pay rent. The reply disputed those claims. Evidence was introduced and findings of fact were returned by a jury relating to both branches of the case. The court then struck out the findings relating to the interest in the real estate claimed by the defendants, declined to adjudicate that matter, and rendered judgment on the rent feature of the case alone. The defendants appeal.

The defendant, Warden Bishop, married the plaintiff's daughter, Flora. In February, 1907, the Bishops were about to move to Arkansas when the plaintiff, preferring that they should remain in Reno county, offered them the tract of land in controversy, to take, improve and make their home, the plaintiff intending the farm for his daughter. Rent was to be paid to the plaintiff during his natural life. A certain rent was reserved for the first two years. It was then to be reduced for the future. The defendants accepted the plaintiff's offer, moved on the land, have ever since occupied it as their home, and have placed improvements upon it to the value of from $3500 to $5000.

The action was brought against Warden Bishop alone. The petition alleged that the plaintiff was the legal and equitable owner of the land, that the defendant was a tenant holding over under an oral lease, and that he owed a certain sum as rent, the items of which were specified. Warden Bishop answered fully respecting the rent, claimed no settlement had been had respecting certain items, and claimed that upon a proper accounting nothing would be found to be due from him, but stated a willingness and a desire to pay any balance he might be owing. He further answered by reciting in full the facts which have been briefly summarized relating to the origin and character of the tenancy. He asked that his wife be made a party, that the court determine the true terms and character of the contract with the plaintiff, that his wife be adjudged to have an equitable title to the land, and that the plaintiff be required to carry out the contract in which such

title originated. The reply, besides containing a general denial, specifically disputed the claims of the answer which are now material and insisted upon a naked lease of the land to Warden Bishop. Flora Bishop was made a party and adopted the answer of her husband. When judgment was rendered the action was dismissed as to her without prejudice to her right to maintain a future action against the plaintiff or his heirs or assigns.

The theory of the trial court was that the petition fixed the limits of the action, the subject of which was rent due from Warden Bishop. The equitable claims interposed, if established, could not defeat recovery of rent from Warden Bishop. The contract, if any, with Flora Bishop was executory, and consequently her title was not necessarily or properly involved in the action and no relief could be granted her.

The learned district court was in error. The basis of the rent claim was a contract. The petition asserted that this contract was an oral one under which Warden Bishop was "holding over," the clear implication being that the lease had expired and the tenancy resulting from holding over would be terminable at the end of the period. The petition therefore struck at the very foundation of the rights of both defendants. The issue having been tendered by the petition, unless those rights were asserted a judgment for rent might well be *res judicata* as to Warden Bishop, who had spent a large sum of money in improving the land for the benefit of himself and his wife, and might be *res judicata* as to a breach of the conditions upon which Flora Bishop could acquire title. Therefore the terms of the contract under which rent was payable constituted a subject of primary importance.

If the petition had not so clearly presented the issue as to the character of Warden Bishop's tenancy the answer stated a proper counter-claim. A counter-claim need not simply defeat the plaintiff's recovery, or reduce the amount of the plaintiff's recovery. It is something of a legal *or equitable nature* (Civ. Code, § 97) arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, giving the defendant a right to relief necessarily involved, *or properly involved,* in the action, to the end that a complete determination thereof may be had (Civ. Code, § 98).

Warden Bishop's status is quite different from that of the ordinary tenant who pays rent for a given period. He occupies the land, has improved it, and pays rent for it as a permanent home, the title to which is to vest in his wife because of what he has done and is to do. This status is entitled to the protection of a court of equity. The defendant disputes it, or at least equivocates about it, and the court should have adjudicated it. Flora Bishop was a proper party so that the true relations and rights of the parties might be established by the proof and judicially found and declared.

It is said that the contract is so indefinite and uncertain regarding the rights of the Bishops that they were not entitled to relief. Those rights supplied the consideration for the obligation to pay rent, and the plaintiff would scarcely concede that his rights are imperfect in any respect. The jury had no difficulty in stating the terms of the contract so far as they were interrogated on the subject, and it is apprehended the court will have none.

A part of the relief asked by the defendants was that the plaintiff be compelled to specifically perform. Of course, this did not mean that the plaintiff should make a conveyance now. It meant that he should recognize and respect the tenancy according to the terms and for the purposes contemplated by the contract. Perhaps a prayer that the equitable rights and the equitable title of the defendants be found, declared and quieted as against the plaintiff would have been sufficient for their purposes. But whatever the prayer, the court can adapt the relief to their needs should they prevail in their contention.

The judgment is reversed and the cause is remanded with direction to adjudicate the counter-claim.