No. 20,918.

L. D. HODGE, *Appellee and Appellant*, v. WARDEN BISHOP and FLORA BISHOP, *Appellants and Appellees.*

SYLLABUS BY THE COURT.

1. APPEAL—*Effect of Mandate of Supreme Court.* A mandate from the supreme court directing a trial court to adjudicate a certain matter does not direct that any particular judgment be rendered.

2. JUDGMENT—*Consistent with Findings.* A judgment will not be reversed on the ground that it is not supported by, or is contrary to, the findings, where the judgment is the only one that can be rendered consistent with the findings.

3. PLEADINGS—*Application to File Belated Pleadings—Refusal no Error.* It is not reversible error to refuse to permit a belated pleading to be filed when the pleadings on file present all the issues necessary for a complete determination of all matters in controversy.

4. FINDING—*Supported by Evidence.* It is not error to refuse to set aside a finding of a jury where the finding is supported by evidence.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed June 9, 1917. Affirmed.

*C. M. Williams,* and *D. C. Martindell,* both of Hutchinson, and *Sam Jones,* of Lyons, for the appellants.

*Frank L. Martin, Van M. Martin, John M. Martin,* and *Carr W. Taylor,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is the second appeal in this case. (*Hodge v. Bishop,* 96 Kan. 419, 151 Pac. 1105.) The cause was remanded with directions to the trial court to adjudicate the counterclaim of the defendant, Flora Bishop. Immediately after the cause was remanded the plaintiff asked permission to file an amended answer and cross-petition to the counterclaim of defendant, Flora Bishop. This permission was refused. No additional evidence was introduced. The trial court specifically approved the findings of the jury that had

Hodge v. Bishop.

been made before the first appeal. These findings were as follows:

"Q. No. 1. Did defendant pay the rent according to the agreement with the plaintiff? A. No.

"Q. No. 2. How much, if anything, did defendant owe plaintiff for rent at the beginning of this suit? A. $400.00.

"Q. No. 3. Did L. D. Hodge, in January, 1907, say to Warden Bishop that if he found any land in Arkansas that suited him for a farm, for himself and wife, that he could sell that land in controversy and put the proceeds into Arkansas land? A. No.

"Q. No. 4. Did L. D. Hodge, in February, 1907 say to Warden Bishop and his daughter, Florence Bishop, that if they would pay him two-fifths of the crop and one hundred dollars per year for two years, and afterwards a less rent, during his natural life, that they could go upon the land in controversy and improve it and make a home for them? A. Yes.

"Q. No. 5. Did Warden Bishop and Florence Bishop in pursuance of said proposition go upon said land in controversy, and pay two-fifths of the crop and one hundred dollars per year for two years as rent for said lands? A. Yes.

"Q. No. 6. Did L. D. Hodge, in 1910, say to Warden Bishop and Florence Bishop that he would only require an annual rent for said land in controversy of one-third of the crop raised upon said land? A. Yes.

"Q. No. 7. Did L. D. Hodge, in 1911, say that he would only require the said Warden Bishop and Florence Bishop to pay as rent for said land the remainder of his life the one-third of the crop raised upon said land in controversy? A. No.

"Q. No. 8. Did Warden Bishop and Florence Bishop go upon the land in controversy in pursuance of the proposition of L. D. Hodge, made in February, 1907, that if they would pay him two-fifths of the crop raised upon said land and one hundred dollars per year for two years, and afterwards a less rent during his natural life—take possession of the same and make lasting and valuable improvements on said land? A. Yes.

"Q. No. 9. If you answer the last question in the affirmative then what improvements did they make upon said land? A. All with the exceptions of the first cost of old dwellings.

"Q. No. 10. Did Warden Bishop agree to pay L. D. Hodge five dollars per acre for all land growing alfalfa? A. No.

"Q. No. 11. Did Warden Bishop deliver to J. W. Brinkerhoff a check for the sum of $102.00 to pay L. D. Hodge for any balance due said Hodge for rent of said land at the time of the giving of said check? A. Yes.

"Q. No. 12. Did Warden Bishop agree to pay L. D. Hodge the sum of $4.00 per acre for all land growing cane? A. No.

"Q. No. 13. Was the check given to said J. W. Brinkerhoff, attorney for L. D. Hodge, sufficient in amount to pay said Hodge all rent due him at the time of the giving of said check? A. No."

The court made additional findings of fact as follows:

"That it was agreed by the parties that if the defendant desired to move away from said land at any time before the death of the plaintiff, that the plaintiff would pay the defendants for the improvements made by the defendants on said land.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"That the defendants at no time agreed to live on said land until the death of the plaintiff or for any definite time, and they had a right to move off of the land at any time they should choose and collect from the plaintiff full payment for the expenses of their improvements, and the court finds that under the contract the defendants have the right to make such improvements on said farm as are suitable to make it a home for the defendants, and that the defendants have a right to occupy said land for a home throughout the lifetime of the plaintiff, and that they have a right to vacate said farm at any time and collect the cost of their improvements, and that if they occupy the same until the death of the plaintiff that his estate will then be indebted to the defendants for the value of said improvements, said value to be determined as to the date that they were made, and the defendants having the use of said improvements are not entitled to collect interest.

"This court finds that the plaintiff did not agree or promise that the title of said land should pass to the defendant, Flora Bishop, at plaintiff's death or at any other time. Any expression by plaintiff of his intentions that said land should be Flora's did not amount to an agreement that it should be Flora's and plaintiff was not bound by said statements."

On these findings of the court and the jury, judgment was rendered as follows:

"That upon the counterclaim of the defendant, Flora Bishop and Warden Bishop, that their equitable rights under their verbal contract with the plaintiff, is held and declared to be a lease for and during the life of the plaintiff, unless, they voluntarily vacate and surrender the possession of the land in controversy.   .   .   .   That by the terms of said lease, the defendants are to pay and deliver to the plaintiff, one-third (⅓) of all crops grown upon said land, delivered upon the market. That the defendant shall have the right to use and occupy all of the said premises and the improvements thereon upon the payment of one-third of the crops as rent, until the death of the plaintiff, unless they voluntarily vacate the same. That at the expiration of said lease by the death of the plaintiff or by the vacation of the premises, there shall be due the defendants, Warden Bishop and Flora Bishop, for the improvements upon the said premises, the sum of $1800.00; said sum shall not be augmented by interest or decreased by depreciation of the value of the improvements and the rights of the said defendants, under the said lease are hereby quieted against the claims of the plaintiff, which are contradictory or adverse thereto."

Hodge v. Bishop.

1. The defendants insist that the court erred in overruling their motion for judgment on the findings of the jury. They contend that judgment should have been rendered in their favor in obedience to the judgment of this court on the former appeal. The order of this court was not that judgment be rendered on the findings, nor that any particular kind of judgment be rendered. The order was that the trial court adjudicate the counterclaim of Flora Bishop.

2. All parties to this action complain of the judgment rendered by the trial court. The defendants insist that the district court erred in rendering-judgment that the defendants had only a lease on the land in controversy during the life of the plaintiff, and erred in not rendering judgment that the defendants had an equitable interest in the real property and would have the legal title thereto on the death of the plaintiff. They further complain that the court erred in overruling their motion to set aside the conclusions of law.

The plaintiff contends that no judgment should have been rendered in favor of the defendants.

The validity of the judgment depends on the findings. These were based on the evidence introduced on the trial, and, except in one particular not material at this time, that evidence has not been abstracted. It is presumed that the findings of the court were supported by the evidence. The findings are not contradictory, they are consistent with each other. The judgment that was rendered was the only judgment that could have been rendered under the findings made by the jury and by the court.

3. The plaintiff asks a review of the order denying his application for leave to file an amended answer and cross-petition to the counterclaim of the defendant, Flora Bishop. The plaintiff's petition was filed September 15, 1913. Warden Bishop's answer was filed October 17, 1913. In that answer Warden Bishop set out the interest claimed by Flora Bishop in the land, and asked that she be made a party to the action. The plaintiff replied to the answer of Warden Bishop. Flora Bishop was made a party defendant, and afterward filed her interplea, in which she adopted the allegations of the answer of Warden Bishop, although the interplea was not filed until after the cause had been tried. The plaintiff, by Warden

Bishop's answer, was informed of the claims and interest of Flora Bishop. The issues between the plaintiff and Warden Bishop were such that the facts in regard to those issues could not be ascertained without at the same time showing the interest of Flora Bishop in the land.

Under these circumstances, it was not reversible error for the trial court to refuse to permit the plaintiff to file an amended answer and counterclaim as against the interplea of Flora Bishop.

4. The plaintiff moved the court to set aside the finding of the jury numbered 6, on the ground that there was no evidence to support it. An order denying that motion is assigned as error. The plaintiff abstracted that portion of the evidence which tended to support this finding of the jury. The evidence thus abstracted amply supports the finding. Under that evidence it was not error to deny the motion to set aside the finding.

The judgment is affirmed.