No. 24,303.

CHARLES McKINLEY, *Appellant,* v. J. W. SHULL, *Appellee.*

SYLLABUS BY THE COURT.

ACTION—*Trial Completed and Finally Submitted—Plaintiff May Not Subsequently Dismiss Without Prejudice.* When·the parties to an action have introduced their evidence and rested, have argued the case, and the court has taken the cause under advisement for the purpose of stating findings of fact and conclusions of law, final submission has occurred; and a subsequent motion of the plaintiff to dismiss without prejudice should be disallowed.

Appeal from Franklin district court; HUGH MEANS, judge. Opinion filed February 24, 1923. Affirmed.

*Ralph E. Page,* of Ottawa, for the appellant.

*J. L. Shelden,* and *H. M. Funston,* both of ·Ottawa, for the appellee.

The opinion of the court was delivered by

· BURCH, J.: The appeal was taken from an order setting aside an order sustaining the plaintiff's motion to dismiss, and from an order denying a renewed motion of the plaintiff to dismiss.

The journal of the proceedings shows that the parties introduced their evidence, rested, and argued the case on October 7. Written findings of fact and conclusions of law had been requested, and the court took the cause under advisement at the conclusion of the arguments. The journal further shows the following:

"And thereafter, to-wit: on the 17th day of October, 1921, . . . the court announced his decision and judgment in said case, and further announced that, since the findings of fact and conclusions of law had not yet been reduced to writing, the parties might file their motions attacking said findings of fact and conclusions of law, if desired, within the statutory time after the filing of said written findings of fact and conclusions of law.

"And thereafter, on October 24, 1921, on motion of the plaintiff to dismiss his action without prejudice, the court 'ordered that the plaintiff could dismiss his action without prejudice at his own cost.

"And thereafter and on October 25, 1921, the court of its own motion set aside the order of dismissal entered as last above mentioned on October 24, 1921.

"And thereafter and on November 5, 1921, the plaintiff having renewed his motion to dismiss, the same was by the court overruled, and the court rendered its findings of fact and conclusions of law."

McKinley v. Shull.

The statute reads as follows:

"An action may be dismissed without prejudice to a future action:

"*First*, by the plaintiff, before the final submission of the case to the jury. or to the court where the trial is by the court.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"In all other cases, upon the trial of the action the decision must be upon the merits." (Gen. Stat. 1915, § 7299.)

A case is finally submitted when the jury has been put in possession of the case for determination by verdict, or the court has been put in possession of the case for decision. The motion to dismiss must be made before that time, and a motion made while the jury is deliberating on its verdict, or while the court is deliberating on its decision, comes too late. In this instance, the final submission occurred on October 7. Nothing remained to be done except for the court to announce its decision. The order of dismissal on October 24 was erroneous, and the error was properly corrected the next day.

There is no question here of disposing of some matter like a demurrer to evidence, in advance of final disposition, or of reopening the case for further testimony or argument or for other purpose, or of an attempted exercise of discretion to prevent hardship or for other purpose. The plaintiff submitted his case and, when the court orally announced its decision, the plaintiff undertook to withdraw, without prejudice. Under these circumstances, the statute required a decision on the merits.

The judgment of the district court is affirmed.