No. 34,371

D. W. CRUMLEY and JAMES D. NOLAN, *Appellants,* v. CARL WEINER and WILLIAM BELL as WEINER & BELL, *Appellees.*

(94 P. 2d 307)

Opinion filed October 7, 1939.

*John Bertenshaw* and *Kirke C. Veeder,* both of Independence, for the appellants.

*Henry F. Herrman,* of Hays, and *George W. Donaldson,* of Chanute, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This was an action to recover damages for disparagement of title. The appeal is from an order and ruling of the trial court overruling plaintiffs' motion to strike a journal entry, and from an order sustaining defendants' motion to strike the second amended petition from the files.

In plaintiffs' amended petition it was alleged that one John J. Chambers had acquired a certain oil and gas lease on 160 acres of land in Ellis county; that plaintiffs became the owners of the lease by assignment from Chambers; that on November 19, 1936, K. C. Bell, agent of defendants Weiner & Bell, filed an affidavit in the office of the register of deeds of Ellis county, in which it was stated that Weiner & Bell employed Chambers as their agent to procure oil and gas leases in Ellis county; that as such agent he procured the lease in question, but that in violation of his trust he took the lease in his own name; that Weiner & Bell are the true owners of the lease and are entitled to have it transferred to them.

It was alleged in the petition that plaintiffs entered into negotiations with the Darby Petroleum Corporation for the sale of the lease; that as a result of the false and slanderous affidavit the Darby company refused to purchase the lease. Plaintiffs alleged damages in the sum of $2,682.40, for which judgment was demanded.

On February 1, 1939, a demurrer to plaintiffs' amended petition was sustained. No appeal was taken from that order. While leave was not granted to plead over, nevertheless on February 6, 1939, a second amended petition was filed.

On February 11, 1939, the defendants filed a motion to strike this second amended petition from the files. Plaintiffs filed a motion to strike from the record the journal entry reciting the order and action of the court on February 1, 1939, sustaining the demurrer to the amended petition. On February 14, 1939, the court ruled on both motions; the motion of defendants to strike the amended petition filed on February 6 was sustained; the motion of plaintiff to strike the journal entry of February 1 was overruled. The appeal is from these orders.

Was error committed in overruling defendants' motion to strike the journal entry of February 1, 1939?

A few days after January 19, 1939, the exact date not appearing in the record, the district judge wrote counsel for plaintiffs and defendants as follows: "If not too stormy I will be in Erie in the forenoon of February 1, and may be able to rule on these demurrers at that time. Of course, exceptions will be given to either party."

The journal entry reciting the proceedings on that day reads:

"On the 1st day of February, A. D. 1939, a judicial day of the regular October, 1938, term of this court, the above-entitled action came on for decision on the demurrer of the defendant, Carl Weiner, to the plaintiffs' amended petition, the plaintiffs and the defendant, Carl Weiner, having heretofore appeared by their respective counsel, and having heretofore filed their written briefs on said demurrer. The court, having considered said briefs, finds that said demurrer should be sustained.

"It is therefore ordered by the court: That the demurrer filed by the defendant, Carl Weiner, herein to the plaintiffs' amended petition be, and is hereby sustained, to all of which the plaintiffs excepted and except."

No claim is made that the journal entry does not accurately set out the order actually made by the court. It is admitted the letter sent by the district judge, setting the hearing for February 1, was received by counsel. It is not urged that the weather was so bad that counsel were lulled into the belief that the court would not be present. Nor is it suggested that counsel had any points or authorities not contained in the briefs submitted, or that the result would have been different had counsel been present at the hearing.

Our attention is called to rule 49 of this court, and the failure to submit the journal entry to counsel for plaintiffs is relied upon for reversal. In *Dwelle v. Home Realty & Inv. Co.*, 134 Kan. 520, 7 P. 2d 522, 529, where a similar contention was made, it was said that the rules of practice were promulgated for the orderly and expeditious administration of justice, but that a judgment would not be disturbed by a mere breach of such rules unless the complaining party has been aggrieved thereby. "Counsel do not even now suggest that the judgment differs in form or substance from what it would have been if a tentative draft of it had been submitted to them before it was given the court's approval." (p. 529.) That ruling is decisive here.

It is further contended the court erred in sustaining the motion of defendants to strike the second amended petition (which was filed on February 6, 1939, without leave of court) from the files.

430

The journal entry of February 14, 1939, recites that "it further appearing that plaintiffs had heretofore on the 6th day of February, 1939, filed with the clerk a second amended petition, that such amended petition may be considered as filed as of this date and to take effect from this date."

The second amended petition having been filed on February 6, without leave of court, we think it was within the sound discretion of the court to make the order complained of on this appeal.

Various other arguments of counsel have been examined with care, but we do not think they disclose reversible error or call for extended discussion. Finding no error in the record, the judgment must be affirmed. It is so ordered.