No. 37,513

CARLO BAVUSO, *Appellee*, v. MAYNARD W. ANGWIN and MARJORIE ANGWIN, Partners doing business as Gordon Transit Lines, of Pittsburg, *Appellants*.

(201 P. 2d 1057)

Opinion filed January 22, 1949.

*H. Gordon Angwin*, of Pittsburg, argued the cause, and *Ben W. Weir*, of Pittsburg, was with him on the briefs for the appellants.

*Pete Farabi*, of Pittsburg, argued the cause, and *Sylvan Bruner* and *Morris Matuska*, both of Pittsburg, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from a ruling of the lower court setting aside a restraining order and denying an injunction which would prohibit appellee (plaintiff below) from prosecuting his action for damages against the defendants in any court other than the courts of the state of Kansas.

The facts as disclosed by the record before us may be summarized as follows:

Plaintiff and defendants are residents of Crawford county, Kansas; on March 20, 1946, the plaintiff sustained personal injuries as the result of the alleged negligent operation of a passenger bus owned and operated by defendants in the city of Pittsburg, Crawford county; on August 4, 1947, plaintiff filed suit for damages against defendants in the district court of Crawford county, Kansas; and following some preliminary motions the plaintiff, on January 15, 1948, filed his amended petition. There was some discussion and a sort of tentative agreement among the attorneys that the case would be tried at the February, 1948, term of court. However, the case was not brought to trial, and on April 10, 1948, a similar action arising out of the same set of facts and between the same parties was filed by the plaintiff in the circuit court of Jackson county, Missouri. Personal service on one of the defendants was had on the same date in the Union Station at Kansas City, Mo.

On April 13, 1948, the defendants filed in the district court of Crawford county their verified petition for an injunction perpetually restraining and enjoining the plaintiff, his agents and attorneys,

from commencing, prosecuting or maintaining the action then pending in the circuit court of Jackson county, Missouri, and perpetually enjoining the plaintiff, his agents and attorneys, from commencing, prosecuting and maintaining any action at law or in equity against the defendants, arising out of plaintiff's alleged injuries, in the courts of any state other than the courts of the state of Kansas. A copy of this petition and application for injunction was served on attorneys for plaintiff on the same date.

The court granted a temporary restraining order on April 13, 1948, and on April 15 the same was issued out of the office of the clerk of the district court. This order, pending the hearing on the injunction matter, restrained and enjoined the plaintiff, his agents and attorneys, from commencing, prosecuting or maintaining an action for damages against the defendants by reason of and on account of the injuries sustained by plaintiff due to the alleged negligence of the defendants in the operation of one of their buses on March 20, 1946, "in the circuit court of Jackson county, Missouri, or in the courts of any state other than the district court of Crawford county, Kansas." The hearing on the injunction was set for April 26.

At about 11:45 a. m., April 15, the plaintiff filed with the clerk of the district court of Crawford county, Kansas, a motion to dismiss his damage action, without prejudice, at plaintiff's costs. A copy of such motion was not served on defendants' counsel.

About five minutes later, at 11:50 a. m., the court sustained such motion and dismissed the action, without prejudice, at costs of plaintiff. At about 2:30 p. m., of the same day service of the restraining order and notice of the injunction hearing was made on the plaintiff and his attorneys.

On April 23 plaintiff filed a motion to vacate the temporary restraining order, and on April 26 filed his answer to the application and petition for an injunction.

On May 3 the defendants filed three motions—one to strike from the files the motion of the plaintiff to vacate the temporary restraining order for the reason that plaintiff failed to comply with rule 44 (G. S. 1935, 60-3827), which provides that counsel filing a motion or demurrer or pleading subsequent to the petition shall, on the day the same is filed, deliver or mail a copy thereof to counsel of record for all adverse parties; the second to strike from the files the plaintiff's motion to dismiss his action on account of failure to comply

with rule 44 above referred to; and the third to vacate the order of the court dismissing plaintiff's action, made on April 15, for the reason that plaintiff failed to comply with rules 48 and 49 (G. S. 1935, 60-3827), the first of which provides that in all causes or matters in which adverse counsel has appeared of record no default judgment shall be rendered except upon motion and the giving of at least three days' notice to such adverse counsel of the hearing thereof, and the second above-mentioned rule providing that when any motion or demurrer is ruled upon, counsel for the prevailing party shall, within ten days, prepare a journal entry of the ruling or decision and present it to counsel for all adverse parties for their approval or objection.

It does not appear from the record that the trial court specifically ruled on these three motions filed by the defendants. On May 4 the court heard evidence on the injunction matter and the plaintiff's demurrer thereto was overruled on June 3. On June 5 the court heard further evidence, briefs were filed by the respective parties, and on June 29 the court rendered judgment setting aside the restraining order and denying the permanent injunction "for the reason that said case was dismissed by plaintiff before the Restraining Order was served on him or his attorneys of record."

The defendants' motion for a new trial was overruled and they appealed to this court, alleging that the trial court erred in (a) failing to rule upon defendants' pre-trial motions; (b) overruling appellants' pre-trial motions if the court's ruling on the merits of the case had the effect of overruling said pre-trial motions; (c) setting aside the restraining order; (d) denying the permanent injunction prayed for by appellants.

Taking up in order appellants' specifications of error, it will be conceded that perhaps, in the interest of orderly trial procedure, the court should have ruled specifically on each of the three pre-trial motions prior to going into the merits of the case. However, for reasons hereinafter stated, it cannot be said that defendants were prejudiced thereby or that the court committed error.

In answer to appellants' second ground of complaint, we are of the opinion that the court's ruling on the merits of the case amounted to a denial of each of the three motions. These motions, it will be remembered, sought to strike from the files the plaintiff's motion to vacate the temporary restraining order and the plaintiff's motion to dismiss his action on account of plaintiff's failure to com-

ply with rule 44, and to vacate the order of the court dismissing plaintiff's action on account of plaintiff's failure to comply with rules 48 and 49.

Under the provisions of G. S. 1935, 60-3105, the plaintiff had an absolute right to dismiss his action without prejudice at any time prior to final submission. Citation of authorities other than the statute is unnecessary. Since he had this absolute right, the defendants were not in any way prejudiced by his failure to serve a copy of his motion to dismiss an opposing counsel. By the same reasoning it was not error for the court to dismiss plaintiff's action without notice to the defendants—further, the judgment of dismissal in this case was not such a "default judgment" as is contemplated by rule 48, and neither was it necessary, under the circumstances, for plaintiff to submit the journal entry of the order of dismissal to opposing counsel for approval or objection under rule 49. As to plaintiff's failure to deliver or mail to opposing counsel a copy of his motion to dissolve and vacate the temporary restraining order, we have no hesitancy in saying that he should have complied with rule 44 in this respect. This motion was filed on April 23 but nowhere is it shown that defendants were taken by surprise or that they were in any manner prejudiced by plaintiff's failure to comply with the rule. The court did not err in failing to sustain the two motions to strike and the motion to vacate. (*Crumley v. Weiner,* 150 Kan. 427, 429, 94 P. 2d 307.)

All of which brings us to the real question involved in this case—. did the lower court err in setting aside the restraining order and in denying the permanent injunction sought by appellants?

Both parties to this lawsuit place considerable emphasis in their briefs on the recital in the journal entry of judgment which is—

"That said Restraining Order should be set aside and that the permanent injunction, prayed for by the defendants be denied for the reason that said cause was dismissed by plaintiff before the Restraining Order was served on him or his attorneys of record."

However, we prefer to rest our decision on the more fundamental issue and question involved, that is, whether, under the facts of this case, the appellants were entitled to the injunctive relief sought by them.

Defendants, in their petition for an injunction, alleged that in the event they were forced to defend plaintiff's action in the circuit court of Jackson county, Missouri, they would not be allowed, under

the Missouri law, to submit special questions to the jury; that a verdict could be returned by nine of the twelve-man jury panel; that all of the witnesses in the case were residents of Crawford county, Kansas, and that their attendance before the Missouri court could not be compelled, thus resulting in the necessity of using depositions; that a final judgment could not be expected for some two or three years due to the crowded condition of the docket in the Missouri court; that Missouri counsel would have to be employed and that as a result defendants would be put to great additional expense for counsel and for the procuring of testimony by deposition and for the transportation of witnesses. The oral evidence introduced by defendants at the hearing on the merits was substantially to the same effect.

The general rule is that in a transitory action such as this, a plaintiff is entitled to select the forum. The fact that a large number of the witnesses to be called in the case reside in this state, where the cause of action accrued, making it necessary to take depositions instead of oral testimony; that trial procedure in the sister state is different from that in this state; that a verdict may be rendered by nine concurring jurors in the sister state; that the parties will be put to considerable additional expense and inconvenience; that delay will result because of the crowded condition of the docket in the sister state—are not in and of themselves sufficient grounds for enjoining a party from commencing and prosecuting an action in such sister state. There is no showing or proof in this case that the filing of the action in Missouri was fraudulent, oppressive, or manifestly unjust. It must be assumed that the court of the sister state will give both parties a fair trial and will administer the substantive law applicable as though the case were tried in Kansas. (*Missouri-K.-T. Rld. Co. v. Ball*, 126 Kan. 745, 271 Pac. 313.)

We do not mean to say that there are not cases where such injunctive relief should be granted, as for instance, to prevent fraud, gross wrong and injustice, undue vexation and harassment, or the taking of an unconscionable advantage. (43 C. J. S. 499, § 49, Injunctions.)

Appellants rely heavily on the case of *Williams v. Payne*, 150 Kan. 462, 94 P. 2d 341, but an examination of that case shows an entirely different set of facts. For one thing, the Kansas lawsuit

had already been tried, resulting in a mistrial by the failure of the jury to reach a verdict, and a new trial had been ordered, all prior to the filing of the injunction proceedings by the defendants.

Finally, the defendants argue that the court erred in adopting the theory that since the plaintiff had already dismissed his action there was nothing before the court for its consideration, for the reason that their petition for an injunction was in the nature of a counterclaim and that by virtue of G. S. 1935, 60-3106, which provides that in any case where a counterclaim has been presented the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff may have dismissed his action, they were entitled to be heard. Their contention, however, in this respect is not good for at least two reasons, the first being that their action for injunctive relief was not a counterclaim "arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action" as defined by our counterclaim statute. (G. S. 1935, 60-711.) The theory of the counterclaim statute, so far as this case is concerned, presupposes an existing right in the defendants "connected with the subject of the action" to secure such injunctive relief. Secondly, the court heard the injunction matter on its merits, so it cannot be said that the defendants, even under their theory, were denied their day in court.

We find nothing in the record which would require a reversal, and the judgment of the lower court is affirmed.