No. 41,711

Dennis Buckley, *Appellant*, v. Erma O. Buckley, *Appellee*.

(350 P. 2d 44)

Opinion filed March 5, 1960.

Otto J. Koernor, of Wichita, argued the cause, and *Lee R. Meador* and *Thomas A. Bush*, both of Wichita, were with him on the brief for the appellant.

*Max Regier* and *David W. Wheeler*, both of Newton, were on the brief for the appellee.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal from an order of the trial court setting aside a judgment dismissing a divorce action without prejudice upon the motion of the plaintiff, and from an order made in the case after reinstatement of the action, both of which were entered in the same term of court.

The controlling question is whether a trial court may reinstate a plaintiff's action for divorce when such action has been previously

dismissed without prejudice by order of the court upon the motion of the plaintiff.

The plaintiff, Dennis Buckley (appellant), a resident of Harvey County, Kansas, filed a divorce action against his wife, Erma O. Buckley (appellee), a resident of Reno County, Kansas. The petition alleges in substance that the parties have been bona fide residents of the State of Kansas for more than one year prior to the filing of the action; that the plaintiff and defendant were married on March 5, 1928, and have since that time lived together as man and wife; that the parties accumulated certain described property; that the only child born of the marriage was of lawful age and married; and alleges that the defendant is guilty of extreme cruelty and gross neglect of duty by reason of which an absolute divorce is requested.

The defendant answers denying the allegations of the petition, admits the residence of the parties and the accumulation of the described property, and further alleges that on or about the 21st day of January, 1957, the parties entered into a written agreement entitled "Separate Maintenance Agreement," a copy of which is attached to the answer and made a part thereof. The answer then alleges:

"That among the terms and conditions of the Separate Maintenance Agreement, Exhibit A, it is provided that neither party shall institute any proceedings for divorce in respect to any misconduct which has heretofore taken place on the part of either of them; and defendant specifically denies that she has been guilty of either extreme cruelty or gross neglect of duty toward plaintiff since the date of said agreement, nor has she in any way violated any of the terms or conditions thereof.

"That under the terms and conditions thereof, plaintiff agreed to pay to defendant, if she shall continue to live separate and apart from him, the sum of $100.00 per month payable $50.00 on February 1, 1957, and $50.00 on February 15, 1957, and a like sum on the 1st and 15th of each month thereafter during the term of the agreement; that he would continue to pay premiums for Blue Cross and Blue Shield benefits which benefits are to extend to both plaintiff and defendant; that plaintiff promptly pay any and all payments, taxes and insurance premiums on the property owned as tenants in common by plaintiff and defendant, the same being that described in the agreement; that he was to operate the business, rent free, and render a quarterly report of receipts and expenses to defendant; that plaintiff would set aside to defendant a 1950 Pontiac Sedan as her sole and separate property and all other property be left in its present status; and that the plaintiff pay all hospital and doctor bills incurred by defendant up to the date of the agreement.

"Further answering, defendant alleges that under Paragraph 9 of the Separate Maintenance Agreement, 'Exhibit A,' among other things, it is provided that if either party shall institute any proceeding for divorce, this agreement shall at the option of the party not in default become void; that the defendant herein has faithfully performed all of the duties imposed upon her, has refrained from doing any of the things she was prohibited from doing under the terms thereof and now elects to have the agreement continue in full force and effect according to its terms.

"WHEREFORE, defendant prays that the plaintiff be denied a divorce, that the 'Separate Maintenance Agreement' be continued in full force and effect or in the event a divorce should be granted plaintiff, that as a part of the decree she be awarded as her sole and separate property the property therein agreed to as hers, including the Pontiac automobile, the undivided half interest in the Newton City real estate and that all payments agreed to be made by plaintiff either to her or for her benefit, such as Blue Cross, Blue Shield premiums, taxes and insurance on the Newton City property, be ordered paid to her or on her behalf as in the Separate Maintenance Agreement specified, and that she be awarded her costs herein."

The plaintiff's reply insofar as material herein admits that the parties entered into a separate maintenance agreement, dated January 21, 1957, and that a correct copy is attached to the answer; that he has performed all of the duties imposed upon him by the marital vows and faithfully carried out all his obligations and duties under the separate maintenance agreement, "but that the defendant has been guilty of gross neglect of duty and extreme cruelty, both prior to and since the signing of said agreement, and defendant has violated the terms and conditions of said agreement by molesting plaintiff and by interfering with the plaintiff's operation of his business on several occasions since January 21, 1957, and the Court should set aside said agreement." The plaintiff renews his prayer for an absolute divorce from the defendant, and requests an order setting aside the separate maintenance agreement and an order making equitable division of the property between the parties.

With the case in this status the plaintiff through his attorneys moved the court to dismiss the action. The motion, filed on the 26th day of May, 1959, reads in part:

". . . Plaintiff hereby informs the court that he intends to and does hereby dismiss his action and tenders payment for all costs in this action to date.

"Plaintiff moves that the court enter an order in accordance with plaintiff's dismissal herein, as provided by law."

The trial court on June 2, 1959, no notice having been given the adverse party, issued an *ex parte* order dismissing the action. The journal entry of dismissal reads in part:

"It Is Therefore Ordered and Adjudged by the Court that this cause be and the same is hereby dismissed without prejudice at the cost of the plaintiff herein, taxed at $14.90, for which amount let execution issue."

On the 9th day of June, 1959, the defendant appeared before the court without notifying the plaintiff or his counsel and orally moved the court for an order setting aside "the purported dismissal of this cause." The trial court issued an order, the journal entry of which, filed on the 10th day of June, 1959, reads in part:

"And the Court being well and fully advised in the premises finds and it is accordingly: Considered, Ordered, Adjudged and Decreed.

"First. That the purported dismissal of this cause made on June 2, 1959, should be and the same is hereby set aside and held for naught.

"Second. That the setting of the motion for attorneys fees and support money previously made herein is hereby reinstated and shall be heard June 11, 1959, at 9:30 o'clock a. m."

The plaintiff was notified of the foregoing order of the court and appeared specially on June 11th for the sole purpose of challenging the jurisdiction of the court to hear any further matters since the dismissal of the action. The trial court ruled that it had jurisdiction of the parties and the subject matter of the action, and among other things, ordered and directed the plaintiff to pay through the clerk of the district court for the support of the defendant "the sum of $50.00 on the 15th day of June, 1959, and a like sum on the 15th day and 1st day of each and every month hereafter until the further order of this Court." The plaintiff was further ordered and directed to pay forthwith through the clerk of the district court for the defendant's attorneys the sum of $200 as a partial allowance of attorneys' fees.

Appeal was duly perfected by the plaintiff from the orders of June 9th and 11th.

Where the plaintiff moves to dismiss his action there must be an order of the court dismissing the cause, and this requires judicial action. (*Allen v. Dodson, Sheriff,* [Syl. ¶ 1], 39 Kan. 220, 17 Pac. 667.) Under our code the dismissal of a pending action is a judgment, as defined in G. S. 1949, 60-3101, which only the court can render. (*Oberlander v. Confrey,* 38 Kan. 462, 464, 17 Pac. 88;

and see, *Mahoney v. Stavely*, 160 Kan. 792, 796, 165 P. 2d 230, and authorities cited therein.)

While it is true that the action of the court is necessary to effect the dismissal, our law generally looks upon a case as the particular concern of the litigants rather than of society or of the court. Accordingly, it is provided in G. S. 1949, 60-3105:

"An action may be dismissed without prejudice to a future action:

"*First.* By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court."

It will be noted the right so granted to the plaintiff must be exercised before final submission of the case. In *McKinley v. Shull*, 112 Kan. 837, 838, 212 Pac. 898, the term "final submission" was defined by saying:

"A case is finally submitted when the jury has been put in possession of the case for determination by verdict, or the court has been put in possession of the case for decision. . . ."

(See also *Pugsley v. Railway Co.*, 69 Kan. 599, 77 Pac. 579.) It is clear upon the facts presented by the record herein that the case had not been finally submitted for decision when the plaintiff moved for dismissal and the trial court entered its order dismissing the action without prejudice.

While the action of the court is indispensable to accomplish the dismissal of a case, yet it is held that before final submission of the case, the right of a plaintiff to dismiss his suit is absolute. (*Henry v. Edde*, 148 Kan. 70, 79 P. 2d 888; and see *Kinsch v. Missouri-Kansas-Texas Railroad Co.*, 183 Kan. 224, 326 P. 2d 327.) The right of the plaintiff to dismiss an action without prejudice is fixed by statute, and does not rest in the discretion of the trial court. (*Wehe v. Mood*, 68 Kan. 373, 377, 75 Pac. 476.) Speaking of what is now 60-3105, *supra*, the court said in *Banking Co. v. Ball*, 57 Kan. 812, 48 Pac. 137:

"The plaintiff is entitled to control the disposition of his action, where the application is seasonably made and until the final submission of the cause. It was a common-law right, and, in this State, the statute expressly provides that the plaintiff may dismiss without prejudice to a future action, before the final submission of the case to the jury, or to the court, where the trial is by the court. . . . Until that time, the right is absolute, to be exercised by the plaintiff at its option, and without the consent of the defendants. The court committed error in denying the application and in proceeding to the trial of the cause. . . ." (pp. 813, 814.)

The effect of 60-3105, *supra,* was again considered in *Bavuso v. Angwin,* 166 Kan. 469, 201 P. 2d 1057. We quote from the opinion as follows:

"Under the provisions of G. S. 1935, 60-3105, the plaintiff had an absolute right to dismiss his action without prejudice at any time prior to final submission. Citation of authorities other than the statute is unnecessary. Since he had this absolute right, the defendants were not in any way prejudiced by his failure to serve a copy of his motion to dismiss an [on] opposing counsel. By the same reasoning it was not error for the court to dismiss plaintiff's action without notice to the defendants—further, the judgment of dismissal in this case was not such a 'default judgment' as is contemplated by rule 48, and neither was it necessary, under the circumstances, for plaintiff to submit the journal entry of the order of dismissal to opposing counsel for approval or objection under rule 49. . . ." (p. 473.)

It is clear from the foregoing authorities the trial court's order of June 2, 1957, dismissing the action of the plaintiff without prejudice, was valid and terminated the action, notwithstanding the fact that it was issued *ex parte* and without notice to the adverse party.

While a court of equity could grant injunctive relief to prevent fraud, gross wrong and injuries, undue vexation and harassment, or the taking of unconscionable advantage (See, *Gordon v. Munn,* 81 Kan. 537, 106 Pac. 286; *Missouri-K.-T. Rld. Co. v. Ball,* 126 Kan. 745, 271 Pac. 313; *Bavuso v. Angwin,* supra; and 43 C. J. S., Injunctions, § 49, p. 499), nowhere in the record presented in the instant case does it appear grounds for equitable intervention were pressed upon the trial court by the defendant on her motion to set aside the judgment dismissing the action.

The appellee takes the position the answer, as filed, constitutes a counterclaim, and the district court properly reinstated the action to permit the defendant to proceed on her counterclaim.

The provisions of G. S. 1949, 60-710, specify what the answer shall contain. Among them is:

"*Second.* A statement of any new matter constituting a defense, counterclaim or setoff, or a right to relief concerning the subject of the action, in ordinary and concise language, and without repetition."

The nature of a counterclaim is set forth in G. S. 1949, 60-711. It provides:

"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set

forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action. The right to relief concerning the subject of the action mentioned in the same section must be a right to relief necessarily or properly involved in the action for a complete determination thereof, or settlement of the question involved therein."

G. S. 1949, 60-3106, provides:

"In any case where a setoff or counterclaim has been presented, the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff may have dismissed his action or fail to appear."

It is clear, where a plaintiff dismisses his cause of action, the defendant may proceed to the trial of his claim if the allegations in the answer are sufficient to constitute a cause of action and properly demand the relief to which the defendant is entitled. The burden of proof is then upon the defendant to establish the cause of action alleged in the answer by a preponderance of the evidence, being virtually the plaintiff in all things save the name. (*Venable v. Dutch,* 37 Kan. 515, 15 Pac. 520.)

The court has defined a counterclaim in *Venable v. Dutch,* supra, as follows:

". . . The ordinary meaning of counterclaim is a demand of something which of right belongs to the defendant in opposition to the right of the plaintiff. It is also defined as a claim, which, if established, will defeat or in some way qualify a judgment to which plaintiff is otherwise entitled; it is the claim of a defendant to recover from a plaintiff by setting up and established [establishing] any cross-demand which may exist in his favor as against plaintiff. . . ." (p. 517.)

The foregoing definition was also quoted in *Bank v. Elliott,* 97 Kan. 64, 66, 154 Pac. 255. (See, also, *Hodge v. Bishop,* 96 Kan. 419, 151 Pac. 1105.)

A careful analysis of the answer in the instant case leads to the inescapable conclusion that the allegations concerning the "Separate Maintenance Agreement" are connected with the subject of the plaintiff's action, but the allegations, construed in view of the relief sought, indicate the "Separate Maintenance Agreement" is asserted, not for affirmative relief, but merely as a defense to the plaintiff's cause of action for an absolute divorce. Nowhere among the allegations in the defendant's answer is there any charge that the plaintiff has defaulted in any of the terms of the "Separate Maintenance Agreement," except the allegation that the plaintiff instituted an action for an absolute divorce contrary thereto. Therefore, when the defendant requested "that the plaintiff be denied a

divorce, that the 'Separate Maintenance Agreement' be continued in full force and effect," the answer must be construed as an assertion of the "Separate Maintenance Agreement" to defeat the divorce sought by the plaintiff. The defendant's answer is not a counterclaim for separate maintenance. To state a cause of action for separate maintenance a ground for divorce must be alleged and there is no such allegation in the answer. She is merely asserting a contract as a defense. The answer, therefore, does not allege a cause of action, asserted as a counterclaim, which entitles the defendant to proceed in the matter upon dismissal of the plaintiff's cause of action for divorce.

We have not been called upon, nor are we required, to determine the validity of the "Separate Maintenance Agreement" asserted by the appellee in her answer, and this opinion should not be construed as either approving or disapproving the asserted agreement.

In conclusion we hold that under the provisions of 60-3105, *supra,* the appellant had an absolute right to dismiss his case without prejudice to a future action. The trial court sustained the motion, as the statute requires, and there is no contention that the appellant did not pay the costs as ordered. Under these circumstances, the trial court had no more authority to set aside the order of dismissal at the request of the appellee than it would have had in the first instance to deny the appellant's motion to dismiss. (*Darnell v. Haines,* 110 Kan. 363, 203 Pac. 712.) Therefore, the orders of the trial court entered subsequent to the dismissal of the action on the 2nd day of June, 1959, are erroneous and should be set aside.

The judgment of the lower court is reversed with directions to set aside the orders issued subsequent to the judgment dismissing the plaintiff's cause of action.