No. 42,219

Charles R. Wise, Sr., *Appellee*, v. Robert W. Brock, *Appellant*.

(362 P. 2d 15)

Opinion filed May 13, 1961.

*Harold E. Doherty*, of Topeka, argued the cause, and *James E. Benfer*, of Topeka, was with him on the brief for the appellant.

*A. M. Johnston*, of Manhattan, was on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: The underlying question in this case concerns the right of a plaintiff to dismiss an action.

On a date not shown, plaintiff, by his attorneys, John J. Alder, of Kansas City, and Richard D. Rogers, of Manhattan, filed an action to recover damages in the amount of $38,006.87, resulting from an automobile collision. Included in the damages alleged was an item for damage to plaintiff's car in the amount of $1,742.30.

Defendant, through his attorney, Harold E. Doherty, of Topeka, filed an answer denying negligence, and alleging contributory negligence.

Plaintiff filed a reply denying affirmative defenses contained in the answer.

In the meantime, and while the action was pending, plaintiff and defendant reached an out-of-court settlement by the terms of which defendant paid to plaintiff the sum of $6,250 in "release in full of all claims" including "property damage" resulting from the collision. The written release was dated April 9, 1960, and was signed by plaintiff and witnessed by Mr. Alder, one of his attorneys.

On April 30, 1960, plaintiff and defendant appeared in court by their respective counsel. Upon plaintiff's oral motion the court dismissed the action without prejudice.

Shortly thereafter, but on a date not shown, Mr. A. M. Johnston, an attorney of Manhattan, filed a motion to revive and reinstate the action. In this motion he stated that he was employed to pursue the action for and on behalf of The State Farm Insurance Company,

which carried public liability, collision and property damage insurance on plaintiff's automobile, and by virtue thereof had subrogation rights of recovery for damage to the car in the amount of $1,742.30, as set forth in plaintiff's petition. The motion alleged that the employment of Mr. Johnston was for the purpose of representing the plaintiff in the action for the recovery of those damages; that on November 5, 1959, he advised plaintiff's attorneys by letter of such employment, and that he expected to join with plaintiff's attorneys in the trial of the action without filing additional pleadings. The motion further alleged that on November 9, 1959, one of plaintiff's attorneys advised Mr. Doherty, attorney for defendant, of his (Mr. Johnston's) employment, and that without notice to him (Mr. Johnston) he was later advised that settlement had been made on behalf of plaintiff, but that in making such settlement the above-mentioned item of property damage was intentionally left open for future determination. The prayer of the motion was that the action be reinstated and revived for the purpose of determining property damage.

On May 20, 1960, the motion of Mr. Johnston came on for hearing and he was present in court. There were no other appearances. The court found that in the settlement between plaintiff and defendant the matter of property damage was not taken into consideration and was excluded, and entered an order reinstating the action for the purpose of determining property damage as the same was pleaded in plaintiff's petition.

Shortly thereafter, but on a date not shown, defendant, through his attorney, Mr. Doherty, filed a motion to set aside the order of May 20, 1960, reinstating the action.

On July 8, 1960, this motion was overruled, the effect of which was that the action stood reinstated for the determination of property damage.

Defendant has appealed from that order.

In his brief, which purports to be filed on behalf of plaintiff, Mr. Johnston sets out copies of correspondence between counsel, beginning in November, 1959, relating to the matters contained in his motion to reinstate. From these letters it would appear that he was justified in assuming that the subrogation rights of his client would be fully protected in the trial of the action.

On the other hand—we are compelled to take the record as we find it, and the letters in question are—strictly speaking—no part of

the record. Furthermore—the insurance company was not a party to the action, had filed no pleadings, and had never appeared in the case until Mr. Johnston filed the motion to reinstate. Prior to the filing of that motion he was not an attorney of record. Further, as previously mentioned—the written release entered into between plaintiff and defendant specifically covered and included *property damage* resulting from the collision.

Notwithstanding there are certain aspects of this matter which tend to indicate that Mr. Johnston may be said to have been "taken advantage of," the fact remains—and he so concedes—he should have entered his name as an attorney of record at the time of his employment in November, 1959. He contends that plaintiff's attorneys of record were plaintiff's attorneys only for the purpose of determining personal injuries, and that the dismissal was limited to that phase of the case. The trouble with this contention is that it simply is not borne out by the record. The order of dismissal of April 30, 1960, contained no reservation whatsoever, and recited:

". . . that the above cause be and the same is hereby dismissed without prejudice."

G. S. 1949, 60-3105, in pertinent part reads:

"An action may be dismissed without prejudice to a future action:

"*First.* By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court."

It has uniformly been held that the statute means exactly what it says. (*Henry v. Edde,* 148 Kan. 70, 73, 79 P. 2d 888; *Bavuso v. Angwin,* 166 Kan. 469, 201 P. 2d 1057; *Lindsay v. Keimig,* 184 Kan. 89, 93, 334 P. 2d 326; *State, ex rel., v. City of Kansas City,* 186 Kan. 190, 197, 350 P. 2d 37, cert. denied 363 U. S. 831, 4 L. Ed. 2d 1525, 80 S. Ct. 1598; *Buckley v. Buckley,* 186 Kan. 365, 350 P. 2d 44.)

On the record before us plaintiff had an absolute right to dismiss his action. The court erred in setting aside the order of dismissal and in reinstating the case. The judgment is therefore reversed.